**WIFE K, Plaintiff below, Appellant,**

v.

**HUSBAND K, Defendant below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 20, 1976.

Decided Jan. 24, 1977.

685

Thomas Herlihy, III, of Herlihy & Herlihy, Wilmington, for plaintiff below, appellant.

Wilmer C. Bettinger, of Schmittinger & Rodriguez, Dover, for defendant below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

PER CURIAM:

This action was brought in the Family Court for support of minor children, combined with an action to enforce an alimony award made by the Superior Court in a divorce action. The Family Court ruled against the plaintiff in both actions on a common question of law. The plaintiff appealed to the Superior Court on the alimony judgment and to this Court directly on the child support judgment.

Dismissal of the direct appeal from the Family Court to this Court is sought on the ground that 13 Del.C. § 515(a) [1] does not authorize such direct appeal. We agree.

There is ambiguity in § 515 and, therefore, statutory construction is necessary.

The provisions of § 515 must be read in the light of 13 Del.C. § 507 [2] (si-

1. 13 Del.C. § 515(a), effective October 24, 1974, provides:

"§ 515. *Procedural rights of parties.*

"(a) All parties to a civil action brought pursuant to this chapter shall possess all procedural rights which such parties would have heretofore possessed in an action for support or separate maintenance in the Court of Chancery of the State, including but not limited to the following:

"(1) Right to institute and retain complete control of the suit;

"(2) Right to select counsel;

"(3) Right to appeal to the Supreme Court of the State, on the record, from interlocutory or final orders or judgments. Such appeal shall be in the form and manner provided by the rules of the Supreme Court."

2. 13 Del.C. § 507 provides:

"§ 507. *Jurisdiction in Family Court; termination of chancery jurisdiction.*

"(a) The Family Court of the State shall have exclusive original jurisdiction over all actions arising under this chapter. The

multaneously enacted) and of 10 Del.C. § 960(a).[3] When the Statutes are read together, it seems evident that the legislative intent was two-fold: (1) to divest the Court of Chancery of all jurisdiction over support and maintenance cases, vesting exclusive jurisdiction thereof in the Family Court, *Jones v. Dickerson,* Del.Ch., 330 A. 2d 164 (1974); *Wife P. v. Husband P.,* Del.Ch., 287 A.2d 409 (1972); *Wife S. v. Husband S.,* Del.Ch., 295 A.2d 768 (1972); but (2) to leave undisturbed all procedural rights theretofore enjoyed by litigants in that type of case in the Chancery Court.

 The Family Court has had exclusive jurisdiction over child support cases since 1971. 10 Del.C. § 921(3).[4] Appeals therefrom are to the Superior Court by virtue of 10 Del.C. § 960(a). Thus, in the absence of express language to the contrary, it seems clear that the right of direct appeal provided by § 515(a) is limited to appeals in contractual separate maintenance and support actions which were within the jurisdiction of the Chancery Court when § 515 was enacted in 1974.

Since this was not such separate maintenance and support action, a direct appeal to this Court does not lie.

Appeal dismissed.

Court shall have exclusive jurisdiction with respect to construction and enforcement of agreements relating to payments for support between spouses, between persons formerly spouses, between parents and children and between parents and children's spouses or former spouses. The Court shall have and exercise all other jurisdiction and powers relating to support and separate maintenance actions heretofore possessed by the Chancellor or the Court of Chancery of the State.

"(b) The jurisdiction of the Court of Chancery in civil actions for separate maintenance is hereby terminated, except for such actions for separate maintenance as have been commenced in the Court of Chancery prior to the effective date hereof. The Court of Chancery shall retain exclusive jurisdiction over such latter actions."

3. 10 Del.C. § 960(a) provides:
"§ 960. *Appeals.*
"(a) From any order, ruling, decision, or judgment of the Court there shall be the right of appeal as provided by law to the Superior Court."

4. 10 Del.C. § 921(3) provides:
"§ 921. *Exclusive original jurisdiction.*
"The Court shall have exclusive original jurisdiction in all proceedings in this State concerning:
* * *
"(3) Enforcement of any law of this State or any subdivision or any regulation promulgated by a governmental agency, or any petitions or actions, for the education, protection, control, visitation, possession, custody, care, or support of children;"