**HUSBAND G., Appellant,**

v.

**WIFE G., Appellee.**

Supreme Court of Delaware.

Submitted Sept. 12, 1977.

Decided Oct. 7, 1977.

Melvyn A. Woloshin, of Woloshin, Tenenbaum & Brandt, Wilmington, for appellant.

Joseph H. Flanzer and Richard Galperin, of Flanzer & Isaacs, Wilmington, for appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

This is a direct appeal from the Family Court which this Court ordered dismissed on jurisdictional grounds, subject to appellant's right to remove the case to the Superior Court under the transfer statute, 10 *Del.C.* § 1901.* Thereafter, appellant filed a motion for reargument, contending that the action seeks separate maintenance for a wife and that a direct appeal lies in such case. Reargument was ordered and we now find merit in appellant's argument.

In *Wife K. v. Husband K.,* Del.Supr., 369 A.2d 684 (1977), we construed the statute, 13 *Del.C.* § 515, governing direct appeals from the Family Court; we determined that such appeals are

".  .  . limited to  .  .  . contractual separate maintenance and support actions which were within the jurisdiction of the Chancery Court when § 515 was enacted in 1974."

369 A.2d at 686.

The right of appeal provided in § 515 is stated in terms of rights which parties would have had before its enactment, that is, when the Court of Chancery had subject matter jurisdiction over separate maintenance and support actions. The statute reads in part:

"All parties to a civil action brought pursuant to this chapter shall possess all

---

* 10 *Del.C.* § 1901 provides in part:

"No civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter, either in the original proceeding or on appeal. Such proceeding may be transferred to an appropriate court for hearing and determination, provided that the party otherwise adversely affected, within 60 days after the order denying the jurisdiction of the first court has become final, files in that court a written election of transfer, discharges all costs accrued in the first court, and makes the usual deposit for costs in the second court.  .  .  ."

procedural rights which such parties would have heretofore possessed in an action for support or separate maintenance in the Court of Chancery of the State, including · . . .

(3) Right to appeal to the Supreme Court of the State, on the record, from interlocutory or final orders or judgments. Such appeal shall be in the form and manner provided by the rules of the Supreme Court."

Before the enactment of § 515 in 1974, the Chancery Court had jurisdiction over a common law equity claim for separate maintenance or support, *DuPont v. DuPont*, Del.Super., 32 Del.Ch. 413, 85 A.2d 724, 733 (1951), as well as a claim for the same relief which was based upon a contract. It follows, therefore, that by virtue of § 515 a direct appeal will lie to this Court in such case and that the limitation to "contractual" separate maintenance cases announced in *Wife K. v. Husband K.*, supra, is withdrawn.

\* \* \* \* \* \*

It is undisputed that this action is by a wife for separate maintenance and, therefore, for the reasons already stated, a direct appeal to this Court from the order of the Family Court is authorized under 13 *Del.C.* § 515.

The order dismissing the appeal on jurisdictional grounds is vacated.