**WIFE B., Appellant,**

v.

**HUSBAND B., Appellee.**

Supreme Court of Delaware.

Submitted Feb. 21, 1978.

Decided April 17, 1978.

---

William E. Wright and Louis B. Ferrara, of Aerenson & Balick, Wilmington, for Wife, appellant.

Gerald Z. Berkowitz and Robert B. Coonin, of Knecht, Greenstein & Berkowitz, Wilmington, for Husband, appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

PER CURIAM:

In this contested action, the Husband filed suit for divorce on the ground that the marriage was irretrievably broken where it was characterized by voluntary separation. 13 *Del.C.* § 1505(b)(1). The case was tried by the Family Court on July 23, 1976 and, during an office conference some four weeks later, the Husband's attorney moved to add incompatibility as a ground, 13 *Del.C.* § 1505(b)(4). Over objection, the motion was granted and the Court, in an order dated September 30, 1976, stated that:

"[t]he testimony given at the hearing was, in the Court's opinion, sufficient to prove that the marriage was irretrievably broken, and that the parties were Incompatable [sic]."

The Court then went on to request

". . . counsel for . . . [the Wife] to file an answer regarding the issue of Incompatability [sic] and to attach thereto an offer of proof regarding any additional facts that would be presented in opposition to the granting of a divorce on the amended ground."

In response thereto, the Wife's attorney wrote to the Court, saying:

". . . please be advised that . . . [the Wife's] testimony would be that there was no *mutual* conflict of personali-

ties between the parties, that she presently does the cooking, cleaning, shopping and laundry for . . . [the Husband], and, from the time he moved into the guest room, she has sought repeatedly to have him return to her bedroom and live as man and wife."

In an opinion dated November 3, 1976, the Court said:

"It is the Court's interpretation of Incompatibility as a ground for Divorce (13 Del.Code Sec. 1503(3) that where a Petitioner has testified that the marriage was characterized by rift and discord which had destroyed the marriage relationship including testimony as to the termination of sexual relations, social relations, lack of common interests and that the marriage relationship has been so destroyed that there is no possibility of reconcilliation [sic], Respondent's testimony denying mutual conflict would not be sufficient to justify a denial of the Petition. The Court, in the instant case, finds that the testimony presented at the time of hearing was sufficient to prove the necessary elements for granting a Divorce on the ground of Incompatibility."

The Court then granted the divorce and this appeal followed. We reverse.

\* \* \* \* \* \*

We make no judgment about the Court's construction of the incompatibility statute; but see *Husband v. Wife*, Del.Supr., 280 A.2d 710, 712 (1971), and compare *T. v. T.*, Del.Supr., 314 A.2d 176 (1973). We do not reach that question because, under the most basic rule of fair procedure, the Wife has been denied procedural due process, that is, she has been denied an opportunity to be heard on the very issue which is the legal basis for the divorce given against her.

Thus the Wife went to trial on a pleading alleging one ground and her Husband was thereafter granted a divorce on a ground which, if it is not logically inconsistent with the issue submitted for trial, is at least governed by an entirely different statutory

definition.* Moreover, the Wife was given an opportunity to answer the new ground only after the Court had evaluated the testimony and announced its opinion that the "marriage was irretrievably broken and that the parties were Incompatable [sic]." That made any future fact-finding an academic exercise. The Trial Court obviously did not intend such a consequence but that was the result.

Since the Wife did not have an opportunity to defend on the ground of incompatibility, the judgment must be vacated and the cause remanded for a new trial. And since the Trial Judge has already evaluated the unheard testimony and announced, in effect, that any testimony by the Wife denying mutual conflict would not be accepted over the Husband's, fairness requires that the case be assigned to a different Judge for trial.

\* \* \* \* \* \*

Reversed and remanded for proceedings consistent herewith.

---

* 13 *Del.C.* § 1503 states in part:

"For purposes of this chapter, unless the context indicates differently:

. . . . .

(3) 'Incompatibility' means marital rift or discord that has destroyed the marriage relation, without regard to the fault of either party.

. . . . .

(8) 'Voluntary separation' means separation by mutual consent or acquiescence; but if respondent denies that the separation was voluntary then mutual consent or acquiescence must be established either by written agreement of the parties or by participation by respondent in judicial proceedings premised upon respondent's consent to or acquiescence in the separation."