HORSEY, Justice:
This appeal from Family Court concerns three issues arising from an ancillary hearing following divorce of the parties for incompatibility, namely, the award to wife of (1)alimony, (2) counsel fees, and (3) child support. Petitioner-husband appeals the Trial Court’s grant to respondent-wife of: (1) alimony in the amount of $500 per month payable for a period not to exceed 13 months; (2) an initial counsel fee award of $2,000 and a later award of an additional $2,000 entered following respondent’s motion for reargument; and (3) child support in the amount of $1,000 per month for the three minor children of the parties to continue until the youngest child reaches 18 years of age. We take up the issues and the facts pertinent thereto in the above order.
I
Petitioner claims the Family Court lacked jurisdiction to award alimony to respondent under 13 Del.C. § 1512(a) by reason of her failure to file an affidavit of dependency that recited the language of § 1512(a) as set forth in subparagraphs (1), (2) and (3) thereof. Alternatively, petitioner contends that the award must be reversed for abuse of discretion by reason of the Court’s failure to make explicit findings showing that respondent met the statutory criteria of need as set forth in subparagraphs (2) and (3) of § 1512(a). 13 Del.C. § 1512(a) provides as follows:
“The Court may grant an alimony order for respondent if the petition for divorce avers that the marriage is irretrievably broken because of incompatibility or mental illness and respondent, or someone on his or her behalf, shall aver in an affidavit filed in the action and prove by a preponderance of the evidence that respondent:
(1) Is dependent upon petitioner for support but petitioner is not contractually or otherwise obligated to support respondent after the entry of a divorce decree;
(2) Lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs; and
(3) Is unable to support himself or herself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.”
*322 Following divorce, the parties had stipulated, with the approval of the Court, that respondent might make application for alimony and file an affidavit of dependency, and that jurisdiction of the Court was retained for the purpose of determining any applications for ancillary relief. Respondent then filed with the Court an “Affidavit of Dependency,” stating that she was “ . . . dependent upon Petitioner for support; and that there [was] no agreement obliging Petitioner to support Respondent after the entry of a final divorce decree.” Thereafter the parties proceeded with discovery as to all pending ancillary matters, including division of marital property not previously agreed to; an evidentiary hearing was held and ultimately the decision now on appeal was rendered. Petitioner did not question the sufficiency of the affidavit before hearing or in post-hearing briefs contesting wife’s alimony claim; and petitioner did not assert this jurisdictional argument until this appeal.
Petitioner’s argument is simply that by reason of respondent’s failure to incorporate and set forth in her affidavit of dependency the language of subparagraphs (2)and (3) of § 1512(a), the Family Court was thereby deprived of jurisdiction to hear respondent’s alimony application. Petitioner says this is so because the statute states that a respondent “shall aver in an affidavit filed in the action and prove” respondent’s dependency upon petitioner for support, her lack of sufficient property to support herself, and her inability to support herself through appropriate employment. Since respondent concedes that she did not so aver, petitioner argues that Family Court did not “acquire jurisdiction to hear [her] request for alimony.”
However, the Court originally clearly had jurisdiction to award alimony, it being one of the purposes of the Delaware Divorce and Annulment Act, 13 Del.C. § 1502(5) and (6). And the parties stipulated, following their divorce, that respondent could assert such a claim. Can it reasonably be concluded that respondent’s right to assert such a claim was thereafter displaced by her failure to file a full and sufficient affidavit of dependency? We think not and interpret the statute as imposing a procedural rather than a jurisdictional requirement which was susceptible to being cured or waived. See 29 Am.Jur.2d, Estoppel and Waiver, § 166.
Indeed, petitioner concedes that the error was curable when he states that his reason for failure to raise the question before the Trial Court was his desire not thereby to “educate” respondent so that she might cure her defect by supplemental affidavit. We reject as inapposite petitioner’s analogy of the pleading requirements of § 1512 with those of our mechanics lien statutes.
We construe the purpose of § 1512’s requirement of the filing of a pre-hearing affidavit of dependency as being to give an opposing party and the Court notice that a verified claim for alimony is asserted and to be heard at hearing.[1] It is difficult to see that any other purpose would be served by the affidavit requirement of § 1512(a); for at the evidentiary hearing a respondent is necessarily required to prove each of the three elements set forth in subparagraphs (1), (2) and (3) of the statute. Any other construction of the statute would elevate form over substance to the detriment of the underlying purposes of the Act as set forth in 13 Del.C. § 1502, in particular subpara-graphs (5) and (6) thereof.
II
Petitioner’s alternative ground for reversal of the alimony award is alleged abuse of discretion by the Trial Court in failing to make necessary findings under 13 Del.C. § 1512(a) or to give sufficient reasons for its award, citing Husband M. v. Wife D., Del.Supr., 399 A.2d 847 (1979). Section 1512(a) of Title 13, supra, in relevant part, provides that the Court may grant an alimony order if respondent proves that respondent,
*323 “(1) Is dependent upon petitioner for support but petitioner is not contractually or otherwise obligated to support respondent after the entry of a divorce decree;”
(2) Lacks sufficient property, including-marital property apportioned to him or her, to provide for his or her reasonable needs; and
(3) Is unable to support himself or herself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.”
Petitioner states that while the Court expressly found respondent to be dependent upon petitioner for support, thereby satisfying subparagraph (1) above of § 1512(a), the Court failed to make the additional statutory findings set out in § 1512(a)(2) and (3) and that neither evidence to support such findings nor reasons for the award appear in the record. We do not find reversible error in this instance even though more detailed reasons would have been preferable.
While it is true that the Trial Court did not make explicit findings that respondent lacked sufficient property to provide for her own reasonable needs and that she was unable to support herself through appropriate employment, such findings are clearly implied from the terms óf the alimony award and the factual context in which it was made. The record discloses that respondent sought alimony for a period of time that would permit her to complete nursing school, receive her degree, and obtain employment — estimated to take approximately one year. Petitioner resisted, claiming that respondent was presently employable as a bookkeeper by reason of her having performed such services for him in his business during their marriage and until separation. Petitioner contended that respondent had created her own dependency by electing to pursue a career in nursing after separation when she was able and qualified to work as a bookkeeper. The Court obviously concluded from the facts before it that “appropriate” employment for respondent was nursing rather than bookkeeping, which meant that respondent would be unable to support herself until she received her degree and was thereafter able to find employment.
Indeed, 13 Del.C. § 1512(b)(2) expressly authorizes the award of alimony to enable a divorced spouse “to acquire sufficient education or training to enable respondent to find appropriate employment.” Thus, it was appropriate for the Court to make the alimony award in question which was clearly related to respondent’s educational needs to become self-sufficient.
Finally, petitioner contends that by reason of respondent having been awarded nearly one-half of the marital assets, including some $40,000 in cash or securities, no basis exists for a finding that respondent lacked sufficient property to provide for her reasonable needs. We find no abuse of discretion. On an asset basis, the parties’ positions had been rendered substantially equal by the parties[2] and the Court; but on a yield or income basis, the parties’ living standards were obviously not equalized. The Trial Court expressly so noted in stating, “Petitioner draws a $36,000 annual income from the company, netting approximately $2,160 a month. In addition, he enjoys certain other corporate benefits. Respondent, being a student, is unemployed and is presently wholly dependent upon petitioner for her support and the support of her three minor children.”
Thus, from the company assets assigned to petitioner, his above-stated income is to be compared with the income which respondent’s $40,000 cash or securities might be expected to yield. From these facts we think it obvious that the marital property division alone could not be said to render respondent economically self-sufficient nor permit her to continue a standard of living or lifestyle comparable to that established *324 by the parties during their 17 years of marriage—which the Court described as “very comfortable.”
This is not to say that a spouse seeking alimony may not be expected to invade corpus to provide for her or his needs; and respondent may well have been required to do so, notwithstanding the award. We find no reversible error in the Trial Court’s alimony award.
Ill
Petitioner’s argument for reversal of the Trial Court’s initial attorney fee award of $2,000 to respondent’s Delaware counsel is that no award was justified under 13 Del.C. § 1515. Section 1515 states:
“The Court from time to time after considering the financial resources of both parties may order a party to pay all or part of the cost to the other party of maintaining or defending any proceeding under this title and for attorney’s fees, including sums' for legal services rendered and costs incurred prior to the commencement of the proceeding or after the entry of judgment. The Court may order that the amount be paid directly to the attorney, who may enforce the order in his name.”
Petitioner relies on case law interpreting the underlying purpose of the predecessor of § 1515 as being to equalize the litigation position of parties in terms of effective representation by counsel. Wife R. v. Husband R., Del.Supr., 310 A.2d 877 (1973). Petitioner says that since the marital property division accomplished such equalization, the Court, in awarding counsel fees, could not have considered the financial resources of the parties and thereby abuse its discretion.
Again, we think petitioner has oversimplified the marital property division and overstated its economic effect in stating that respondent’s financial position was thereby made equal with petitioner’s. Strictly from a comparison of assets, that may be true; but not in terms of earnings or yield, for the reasons previously stated. In terms of available income for current needs, the economic positions of the parties were not equalized. Under these circumstances, it was certainly not unreasonable for the Court to require petitioner to contribute toward respondent’s suit expenses. A party need not be totally without assets or income to receive an award of attorney's fees. Husband L. v. Wife L., Del.Supr., 397 A.2d 1379 (1979). Given the Court’s broad discretion to award fees and costs under § 1515, we find no abuse in light of the disparate current income positions of the parties. Petitioner’s alternative claim that respondent’s attorneys’ fees were excessive is rejected as unsubstantiated.
However, the award to respondent following hearing on motion for reargument of an additional $2,000 of attorney’s fees to be paid by petitioner requires a different result. Family Court Rule 280 provides that an opposing party “shall have 10 days after service of [such] motion within which to serve and file his answer.” The Court did not comply with this Rule after being informed by petitioner that his response could not be accelerated as requested by the Trial Judge because he was leaving the Bench the following day. While we can understand the desire of the Court to dispose fully of the matter, his disposition was clearly in violation of the Court’s Rule; and such violation may have denied petitioner procedural due process. Wife B. v. Husband B., Del.Supr., 385 A.2d 732 (1978). Therefore, we reverse as to the additional fee award and remand the matter for further proceedings below.
IV
The final question on appeal relates to child support. Petitioner contends that the Family Court erred in ordering him to pay support for the parties’ three minor children in the amount of $1,000 per month until the youngest child reaches 18. Petitioner raises three defenses to the order: first, that support was not within the issues raised by the parties and litigated at the hearing; second, abuse of discretion for failure of the Court to give reasons in support of its order; and third, that the order exceeded the Court’s authority in that by providing for a fixed amount of support for *325 the three children until the youngest reaches 18 years, the Court, in effect, continued petitioner’s duty to support his two older children beyond their age of majority.
However, a threshold question exists as to whether this Court has jurisdiction to hear an appeal from Family Court of an award of child support.[3] The sole basis for this Court’s jurisdiction to hear direct appeals from Family Court is found within 13 Del.C. § 515(a).[4] On the other hand, Superior Court’s appellate jurisdiction over Family Court appeals is found within 10 Del.C., § 960(a).[5]
The precise question here presented was determined by this Court in Wife K. v. Husband K., Del.Supr., 369 A.2d 684 (1977). Therein we held that 13 Del.C. § 515(a) did not confer jurisdiction on this Court to hear a direct appeal from Family Court of a child support action. We noted that jurisdiction over an action for child support had been vested exclusively in the Family Court since 1971 by 10 Del.C. § 921(3);[6] and that jurisdiction over an appeal from a child support order of Family Court was vested exclusively in the Superior Court under 10 Del.C. § 960(a), supra. Further, we noted that this Court’s grant of jurisdiction to hear direct appeals from Family Court under § 515(a), supra, was only conferred at the time of enactment of 13 Del.C. § 507[7] when Family Court’s jurisdiction was enlarged by the transfer to it from Chancery of its jurisdiction over support and separate maintenance actions and as to which there had theretofore been a right of appeal from Chancery to this Court. Thus, we conclud *326 ed in Wife K v. Husband K.[8] that our direct appeal jurisdiction from Family Court under § 515(a) did not include child support actions, the appeal of which continued, as originally, to the Superior Court under 10 Del.C. § 960(a).
This Court’s decision in Wife K. v. Husband K., supra, has been followed in later decisions of this Court rendered by order, M.A.B. v. B.J.B., No. 289, 1977, decided May 25, 1978, and G.T.F. v. M.H.R., No. 180, 1978, decided October 19, 1978. In each case, we dismissed appeals of child support awards by Family Court for lack of jurisdiction as to direct appeal from Family Court.[9]
We hold that this case is controlled by Wife K. v. Husband K., supra, and therefore dismiss this appeal as to child support. However, pursuant to the provisions of 10 Del.C. § 1902, leave is hereby granted petitioner to transfer this appeal to the Superi- or Court, provided petitioner-appellant, within 20 days of the docketing of this opinion with the Clerk of this Court, files in this Court a written election of transfer and otherwise complies with the provisions of § 1902. The mandate herein shall await the expiration of the 20 day period or the filing of such election, whichever shall earlier occur.
Affirmed in part; Reversed in part; and Dismissed in part.

. The Uniform Marriage and Divorce Act’s provision for grant of maintenance in a divorce proceeding — § 308 — (which in many, though not all, respects resembles § 1512(a)) — does not require the filing of an affidavit of dependency.

. who, prior to the marital property division hearing, had agreed on a division of certain of their assets

. Petitioner originally recognized the existence of a jurisdictional question by initially appealing the child support award by the Family Court to the Superior Court. However, petitioner later dismissed the Superior Court appeal in reliance on a recent decision of that Court which held that this Court has exclusive jurisdiction over child support appeals from the Family Court. See unreported letter-opinion in Lassiter v. Barnshaw, Del.Supr., No. 78A-OC-4 (1979).

. 13 Del.C. § 515(a), effective October 24, 1974, provides in part:
“§ 515. Procedural rights of parties.
(a) All parties to a civil action brought pursuant to this chapter shall possess all procedural rights which such parties would have heretofore possessed in an action for support or separate maintenance in the Court of Chancery of the State, including but not limited to the following:
* * * :f: * *
(3) Right to appeal to the Supreme Court of the State, on the record, from interlocutory or final orders or judgments. Such appeal shall be in the form and manner provided by the rules of the Supreme Court.”

. 10 Del.C. § 960(a) provides as follows:
“§ 960. Appeals.
(a) From any order, ruling, decision, or judgment of the Court there shall be the right of appeal as provided by law to the Superior Court.”

. 10 Del.C. § 921(3) provides:
“§ 921. Exclusive original civil jurisdiction.
The Court shall have exclusive original civil jurisdiction in all proceedings in this State concerning:
******
(3) Enforcement of any law of this State or any subdivision or any regulation promulgated by a governmental agency, or any petitions or actions, for the education, protection, control, visitation, possession, custody, care, or support of children . . . .”

. 13 Del.C. § 507 provides:
“§ 507. Jurisdiction in Family Court; termination of chancery jurisdiction.
(a) The Family Court of the State shall have exclusive original jurisdiction over all actions arising under this chapter. The Court shall have exclusive jurisdiction with respect to construction and enforcement of agreements relating to payments for support between spouses, between persons formerly spouses, between parents and children and between parents and children’s spouses or former spouses. The Court shall have and exercise all other jurisdiction and powers relating to support and separate maintenance actions heretofore possessed by the Chancellor or the Court of Chancery of the State.
(b) The jurisdiction of the Court of Chancery in civil actions for separate maintenance is hereby terminated, except for such actions for separate maintenance as have been commenced in the Court of Chancery prior to the effective date hereof. The Court of Chancery shall retain exclusive jurisdiction over such latter actions.”

. The holding of Wife K. v. Husband K. was expanded by Husband G. v. Wife G., Del.Supr., 379 A.2d 1111 (1977). In dismissing the appeal in Wife K., we stated that the appellate jurisdiction of this Court established by 13 Del.C. § 515 was limited to “contractual separate maintenance and support actions.” (369 A.2d at 686). However, in Husband G., a case involving separate maintenance, this Court withdrew the limitation announced in Wife K. and ruled that § 515 applied as well to equity claims for separate maintenance which were within Chancery Court’s jurisdiction when § 515 was enacted in 1974. However, this modification of Wife K. by Husband G. does not affect Wife K. ’s holding that § 515 does not confer on this Court direct appeal jurisdiction over child support cases.

. The Superior Court in Lassiter v. Barnshaw, supra, points out that there is one apparently contrary ruling by this Court in Father S. v. Mother R., 399 A.2d 532, 1977, decided by order dated January 29, 1979. That case dealt with a Contempt order for non-payment of child support appealed from the Family Court and not with the child support order per se. While it may be that this Court proceeded to decide that case on the merits through inadvertent error, the jurisdictional question was not raised or decided and it would be inappropriate to rely on that case in the future as precedent in light of the controlling authority of Wife K. v. Husband K., supra.