In re MARRIAGE OF Nathaniel M. DUNN, Appellant,

and

Barbara A. Dunn, Respondent.

No. 45423.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 1, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied
April 15, 1983.

Richard Jacobs, Clayton, for appellant.

Michael M. Frank, Clayton, for respondent.

KAROHL, Judge.

Petitioner-husband appeals award of maintenance in a dissolution proceeding. This appeal is dismissed for want of jurisdiction.

Appellant-petitioner testified with respect to the dissolution petition that he did not sign the petition; that it was read to him on the telephone and that he confirmed the facts as read, to be right; that he did not sign it before a notary (or any other person authorized to take oaths). It was not a verified petition. Respondent filed an answer but did not file a verified counterclaim.

"A dissolution proceeding is a purely statutory action. The petition in a proceeding for dissolution of marriage or legal separation shall be verified and shall allege the marriage is irretrievably broken and shall set forth: ...." § 452.310.2 RSMo. 1978.

"Even if neither party questions our jurisdiction, we must consider it *sua sponte*." *Gaa v. Edwards,* 626 S.W.2d 685, 686 (Mo. App.1981); *Starnes v. Aetna Casualty & Surety Company,* 503 S.W.2d 129, 130–31 (Mo.App.1973).

The requirement for a verified petition in a dissolution proceeding is jurisdictional. *Hibdon v. Hibdon,* 589 S.W.2d 646, 647 (Mo.App.1979); *see also McCarty v. McCarty,* 300 S.W.2d 394, 400 (Mo.1957), which recognized that the affidavit then required in divorce petitions was essential to jurisdiction. (§ 452.040 RSMo. 1949, now repealed). A petition signed by one other than the petitioner will not suffice to confer jurisdiction. No one can make this affidavit for him. *Higginbotham v. Higginbotham,* 146 S.W.2d 856, 857 (Mo.App.1940).

The trial court was therefore without jurisdiction of the persons or subject matter. The judgment is void and there is nothing before this court for review. Appeal dismissed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.