Ardell J. **MORRISON**,
Petitioner-Respondent,

v.

Arthur L. **MORRISON**,
Respondent-Appellant.

No. 50633.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 26, 1986.
Rehearing Denied Sept. 24, 1986.

Mark M. Wenner, Clayton, for respondent-appellant.

Dewey S. Godfrey, Jr., St. Louis, for petitioner-respondent.

KELLY, Judge.

This is an appeal from the St. Louis County Circuit Court's Order, Judgment and Decree of Dissolution of the Marriage of Ardell J. Morrison and Arthur L. Morrison. The appellant-husband argues that the trial court did not have jurisdiction because wife's pleading failed to comply with § 452.310.2 RSMo 1978. The judgment is set aside.

■ Respondent-wife filed her petition for dissolution of marriage in the St. Louis County Circuit Court on October 14, 1982. Wife's petition included a certificate of acknowledgement, in which she stated that she executed the petition as her own free, voluntary act. Wife signed the petition in the presence of a notary, but failed to have the petition verified.

> Section 452.310.2 RSMo 1978 of the Marriage and Dissolution of Marriage Act provides in part: "The petition in a proceeding for dissolution of marriage or legal separation shall be *verified* and shall allege the marriage is irretrievably broken and shall set forth ..." (emphasis added).

The requirement for a verified petition in a dissolution proceeding is jurisdictional. *In re: Marriage of Dunn,* 650 S.W.2d 638, 639 [1] (Mo.App.1983). Absent a dissolution petition properly verified in accordance with the statutes, a trial court lacks authority to render a decree of dissolution. *American Industrial Resources, Inc., v. T.S.E. Supply Company,* 708 S.W.2d 806, 808 [2] (Mo.App.1986).

■ Wife contends that jurisdiction in a dissolution proceeding is determined by § 452.320.1 RSMo 1978, which only requires that both parties state under oath by petition or otherwise that the marriage is irretrievably broken and does not include the verification requirements of § 452.-310.2 RSMo 1978. We disagree.

It is clear that § 452.320 RSMo 1978 presumes the existence of a verified petition filed under § 452.310 RSMo 1978. In the case at bar, such a petition was not filed, and thus § 452.320 RSMo 1978 is not applicable.

We hold that the trial court was without jurisdiction. The judgment of the trial court entered August 12, 1985, is hereby set aside and held for naught.

CRANDALL, P.J., and PUDLOWSKI, J., concur.