In re the MARRIAGE OF GILLETT

Donna Louise GILLETT,
Petitioner–Respondent,

v.

Edward Eugene GILLETT,
Respondent–Appellant.

No. 15438.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 22, 1988.

Larry W. Meyer, Aurora, for respondent-appellant.

Royce Deryl Edwards, Joplin, for petitioner-respondent.

HOGAN, Judge.

Petitioner Donna Gillett, to whom we shall refer as the plaintiff, instituted this action for dissolution of her marriage to respondent Edward Gillett, to whom we shall refer as the defendant. The petition was filed on March 10, 1987. At the same time, plaintiff filed a motion for temporary maintenance, temporary custody of the parties' two minor children, child support and attorneys' fees. The record indicates both pleadings were served on the defendant on March 16, 1987.

The motion for temporary allowances recited: 1) that a petition for dissolution of the parties' marriage had been filed; 2) that the parties were the parents of two unemancipated minor children; 3) that the children were in the plaintiff's physical custody; 4) that the plaintiff was without funds sufficient to employ counsel to prosecute the action; 5) that defendant was able-bodied and gainfully employed and capable of earning an income sufficient to enable him to provide for plaintiff's support and that of the parties' minor children and to pay an attorney's fee, and 6) that the defendant had refused to provide adequate support for the plaintiff and the minor children and plaintiff required a reasonable monthly sum as child support and a reasonable monthly allowance for maintenance. The motion for temporary allowances was verified, as was the petition for dissolution.

On August 28, 1987, the trial court heard evidence on the motion for temporary allowances. The defendant admits he had notice of the hearing. He did not appear. After the hearing, but before the order for temporary allowances had been entered of record the defendant filed an answer to the petition for dissolution but no response to the motion for temporary allowances. The order for temporary allowances was entered September 9, 1987. The defendant filed a motion to vacate the order for temporary allowances on September 29, 1987. The motion recites that it was filed pursuant to Rule 75.01, V.A.M.R. The trial court disqualified itself and set the motion for hearing. On October 15, 1987, the defendant gave notice of appeal. The sole point advanced on appeal is that the trial court lacked jurisdiction to enter the temporary order because the motion was not accompanied by an affidavit setting forth the factual basis for the motion and the amounts requested.

A word about the procedural posture of the case is appropriate. The order for temporary allowances was entered September 9, 1987. On September 29, the defendant filed a written "motion to vacate and reopen the court's order pendente lite." The motion recited that it was filed pursuant to Rule 75.01. It was further averred by the defendant that: a) at the time of the hearing on the temporary motions, the defendant was a patient at the Mayo Clinic; b) the plaintiff knew of the defendant's treatment because she had made arrangements for the defendant to secure the treatment and knew the defendant would be at Mayo's at the time the motion was heard; c) the defendant had contacted an attorney, who had called the plaintiff's attorney, advising

him that the defendant would be in Minnesota and unable to attend the hearing. Defendant's attorney understood that "an agreed entry" would be made or, in the absence of agreement, the defendant would make the payments specified until a full evidentiary hearing could be held with the defendant present; d) the defendant believed the evidence presented to the trial court at the hearing on the motion for temporary allowances was incomplete and misleading and the defendant wished to present evidence, and e) the court's order indicated a further order might be made, but the defendant believed the present order would become final unless it was modified or reopened prior to October 7, 1987. Prayer of the motion was for vacation of the order of September 9, 1987, and for a full evidentiary hearing. Affidavits were filed with the motion. As noted, the motion was filed 20 days after the order for temporary allowances was entered.

■ A motion made pursuant to Rule 75.01 is an authorized after-trial motion and is to be treated as a motion for new trial for the purpose of ascertaining the time within which an appeal must be taken. *Jones v. Chrysler Corporation,* 731 S.W. 2d 422, 431 (Mo.App.1987). This motion was not timely made, however, and served only as a suggestion to the trial court to exercise the powers conferred upon it by Rule 75.01. Rule 73.01(a)(3); *Jones v. Chrysler Corporation,* 731 S.W.2d at 431. The late motion preserves nothing for review. *Aquatics Unlimited v. Treasure Lake Resort,* 719 S.W.2d 117, 120 (Mo.App. 1986). Given the appellant's statement to the contrary, the motion cannot fairly be regarded as a motion made pursuant to former Rule 74.32.

■ We regard the appeal as being properly before us. Orders on motions to allow maintenance and court costs pendente lite are judgments in independent proceedings. They stand upon their own merits and are in no way dependent upon the merits of the issues in the underlying dissolution suit. The order making an allowance upon a motion pendente lite is a final judgment disposing of the merits of that

proceeding from which an appeal may be taken. *State ex rel. Carlson v. Aubuchon,* 669 S.W.2d 294, 296 (Mo.App.1984); *Dardick v. Dardick,* 661 S.W.2d 538, 540 (Mo. App.1983); *State ex rel. Thomas v. Kelly,* 631 S.W.2d 685, 688–689 (Mo.App.1982). The notice of appeal was timely; it was filed 37 days after entry of the order for temporary allowances. *See* Rule 81.04(a); Rule 81.05.

■ On the merits, the defendant argues that the trial court lacked jurisdiction to enter an order for temporary allowances "because the motion was not accompanied by an affidavit setting forth the factual basis for the motion and the amounts requested." § 452.315.1, RSMo 1986, reads, in pertinent part:

"In a proceeding for dissolution of marriage or legal separation, either party may move for temporary maintenance and for temporary support for children entitled to support. The motion shall be accompanied by an affidavit setting forth the factual basis for the motion and the amounts requested...."

The defendant argues that "although the [plaintiff's] motion ... was verified, it consisted of general allegations. No specific facts were alleged as to the amount of support or basis for awarding the same." We are cited to *In re Marriage of Burris,* 557 S.W.2d 917, 918–919 (Mo.App.1977). The motion and affidavit which were actually filed in that case are not set out in the opinion. The court noted, among other things, that the trial court had made an award of "back support money." It was argued that the trial court was without authority to retroactively impose an order for maintenance pending divorce, because § 452.315.1 had not been complied with. The Western District held:

"The issue of the trial court's power to enter an order of temporary maintenance at the time of final decree need not be reached or decided. The wife plainly did not comply with the requirement of Section 452.315(1), that a motion be filed which 'shall be accompanied by an affidavit setting forth the factual basis for the motion and the amounts requested.' The

obvious purpose of the statute is to permit the other party to properly present a defense to the claim for temporary maintenance. The trial court erred in entering the order for temporary maintenance."

*In re Marriage of Burris,* 557 S.W.2d at 919. We are also cited to two cases which hold that verification of a petition for dissolution is jurisdictional. *Morrison v. Morrison,* 716 S.W.2d 846, 847 (Mo.App.1986) and *In re Marriage of Dunn,* 650 S.W.2d 638, 639[1] (Mo.App.1983). It has also been held in other contexts that when verification of a petition is required but the initial pleading is not verified, the trial court acquires no jurisdiction of the subject matter of the action. *American Industrial Resources, Inc. v. T.S.E. Supply Company,* 708 S.W.2d 806, 808 (Mo.App.1986).

In our view, the motion filed in this case was sufficient to confer jurisdiction on the trial court. The motion before us sets forth in general terms that a petition for dissolution has been filed; that the parties have two unemancipated children; that the plaintiff is without sufficient funds or property to support herself and the minor children during the pendency of the suit; that the defendant is able-bodied and gainfully employed and capable of providing the plaintiff with money sufficient to enable her to employ counsel and to provide support to the plaintiff and the parties' minor children; that the defendant has refused to provide adequate support for the plaintiff and her minor children, and requires a reasonable sum per month child support and a reasonable sum per month for maintenance. The motion itself is verified. No separate affidavit setting forth specific amounts was filed. However, such an affidavit was produced at the hearing.

The language of the statute with which we are concerned requires that the motion be accompanied by an affidavit setting forth the factual basis for the motion and the amounts required. It was thought, when the statute was enacted, that the affidavit and the motion need not be separate documents. *See* F. Ferriss, Temporary Orders, 29 J.Mo.Bar 504 (1973); 2 Mo.Family Law, § 17.9, p. 17–6 (Mo.Bar

4th ed. 1988). An affidavit is defined as any voluntary ex parte statement reduced to writing, and sworn to or affirmed before some person authorized to administer an oath or affirmation. Ballentine's Law Dictionary, p. 44, (3d ed. 1969). Reduced to essentials, the defect of the motion in this case is not that it did not set forth grounds for the motion; the defect is that the specific amounts requested were not set out. The purpose of the statute is to permit the other party to prepare a defense, and doubtless the defendant could have required the plaintiff to furnish a more specific statement. The motion was not insufficient to vest the trial court with jurisdiction. *See* and compare *G.S.G. v. P.S.G.,* 412 A.2d 319, 322 (Del.1980). The judgment is affirmed.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.