**James H. McMACKIN, Petitioner,**

v.

**Marianne C. McMACKIN, Respondent.**

**File No. CN92–10881.**

Family Court of Delaware,
New Castle County.

Submitted: Dec. 22, 1993.
Decided: Dec. 22, 1993.

Michael K. Newell of Bayard, Handelman & Murdoch, Wilmington, for petitioner.

Kathryn J. Laffey of Erhart & Laffey, Wilmington, for respondent.

*OPINION*

CROMPTON, Judge.

The following is my decision regarding attorney's fees in the above-captioned matter. I have reviewed Affidavits for Fees submitted by counsel for both James H. McMackin (hereinafter "Husband") and Marianne C.

McMackin (hereinafter "Wife"). Wife's total attorney's fees, paralegal fees and costs amount to $12,785.50. Husband's total attorney fees, paralegal fees and costs are $9,768.35.

In an attempt to make decisions more uniform, the Family Court Judges have informed the Bar Association that henceforth certain issues will be similarly treated. For example, selling costs for a home to be retained by one of the spouses will no longer be deducted from the fair market value. Pensions earned during marriage are now presumed to be divided on a 50/50 basis with survivorship benefits.

■ In the past, Family Court Judges have treated paralegal fees in a variety of ways. Some Judges have permitted them. Other have steadfastly denied them. In my view, paralegal costs should be uniformly allowed, so long as certain information is specifically addressed by the supervising attorney in the fee affidavit presented to the Court.

13 Del.C. § 1515 is the controlling statute regarding an award of fees following a division of marital assets and debts. That statute reads as follows:

> The Court from time to time after considering the financial resources of both parties may order a party to pay all or part of the cost to the other party of maintaining or defending any proceeding under this title and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after the entry of judgment. The Court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

The phrase "all or part of the costs of the other party of maintaining or defending" has previously been found broad enough to include fees incurred by a legal assistant or paralegal. *P.J.M. v. F.M.,* Del.Fam., File No. 2118–82, Horgan, J., 1988 WL 59843 (April 18, 1988, *amended* June 9, 1988).

The United States District Court of Delaware, the Court of Chancery and the Superior Court all allow for paralegal services to be included as part of the permissible costs of maintaining or defending a law suit. *Aumiller v. University of Delaware,* 455 F.Supp. 676 (D.Del.1978); *In Re Diamond Shamrock Corp.,* Del.Ch., C.A. No. 8798, Jacobs, V.C., 1989 WL 17424 (Feb. 23, 1989); *General Motors v. English,* Del.Super., C.A. No. 09A–10–2, Goldstein, J., 1992 WL 207273 (Aug. 12, 1992); *Muratone Co. v. Sleva,* Del.Super., C.A. No. 78A–DE–10, Longobardi, J. (Jan. 11, 1982). Indeed, the ABA Standing Committee on Legal Assistants, *Report to the House of Delegates,* (1993) Annual Meeting, has also recommended an award of paralegal fees for prevailing parties in states where statutes or current case law permit attorney's fees to be recovered.

The United States Supreme Court has found that the term "attorney's fee" refers not only to the work performed by members of the Bar but also to reasonable fees for the work product of an attorney, which includes the work of paralegals, law clerks and recent law graduates at market rates for their services. *Missiouri v. Jenkins,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).

The definition of a legal assistant or paralegal was defined in *ABA By–Laws,* § 21–12 (1986) as follows:

> Persons who, although not members of the legal profession, are qualified through education, training, or work experience, are employed or retained by a lawyer, law office, governmental agency, or other entity in a capacity or function which involves the performance, under the direction and supervision of an attorney, of specifically delegated substantive legal work, which work, for the most part, requires a sufficient knowledge of legal concepts such that, absent that legal assistant, the attorney would perform the task.

■ Paralegal fees are not a part of the overall overhead of a law firm. Paralegal services are billed separately by attorneys, and these legal assistants have the potential for greatly decreasing litigation expenses and, for that matter, greatly increasing the efficiency of many attorneys. By permitting paralegal fees, the danger of charging these fees off as the attorney's work is hopefully extinguished. By the same token, the dan-

ger of charging off a secretary's services as those of a paralegal is very real and present, thereby mandating that certain information be provided by the supervising attorney before paralegal fees can be awarded by this Court in the future. Those criteria are as follows:

1. The time spent by the person in question on the task;

2. The hourly rate as charged to clients (will vary based on expertise and years of experience);

3. The education, training or work experience of the person which enabled him or her to acquire sufficient knowledge of legal concepts. The Court recognizes that not all those who work in a paralegal capacity have a paralegal degree or license, but many of these people do possess expertise, which should be recognized in family law matters;

4. The type of work involved in detail. The work must *not* be purely clerical or secretarial in nature. Such work would fall under costs and may not be charged as paralegal fees at the market rate. The task must contain substantive legal work under the direction or supervision of an attorney such that if the assistant were not present, the work would be performed by the attorney and not a secretary. However, the assistant may not do work that only an attorney is allowed to do under the rules of practice and ethics. Substantive legal work which may be performed by legal assistants and billed at the market rate includes, but is not limited to, such activities as:

    (a) Factual investigation, including locating and interviewing witnesses;

    (b) Assistance with depositions, interrogations and document production;

    (c) Compilation of statistical and financial data;

    (d) Checking legal citations;

    (e) Correspondence with clients/opposing counsel/courts; and

    (f) Preparing/reviewing/answering petitions and other pleadings.

A survey made by the *Delaware Paralegal Association 1990 Salary and Compensation Survey* shows a billable rate range of anywhere from $20.00 per hour through $80.00 per hour for paralegal services. Thus, any reported fees within this range are acceptable.[1]

Applying the above standards to the two Affidavits received in the matters *sub judice,* it is evident that both of them contain the required information. Both affidavits clearly comply with all four criteria previously discussed. For example, they describe the time spent by the paralegal, the hourly rate, and the education training or work experience of the paralegal. The type of affidavit submitted by Husband's counsel is exactly what this Court expects when reviewing fees. The affidavit of Wife's counsel leaves a bit to be desired in that it merely attaches invoices sent to the client. These invoices are very difficult to read and should be consolidated into one document with a separate affidavit attached by the paralegal. Husband's affidavit complies in every respect, but Wife's affidavit is certainly within the guidelines. Both attorneys have described in detail the type of work performed by the paralegal. This work includes such activities as reviewing depositions, preparing subpoenas, reviewing discovery, assisting in preparing Rule 52(d) Submissions, conferences with clients and correspondence. Clearly the type of work involved is that which would normally have been prepared or accomplished by the attorney and not a secretary.

Having made the decision that paralegal fees are and will be henceforth permissible by this Court, and having also decided that the Affidavits presented by counsel in this specific case rise to the required standards, I nevertheless must make a determination of counsel fees in accordance with 13 *Del.C.* § 1515, supra.

■ The trial Judge has broad discretion in determining whether to award attorney's fees under 13 *Del.C.* § 1515. *Gray v. Gray,* Del.Supr., 503 A.2d 198, 204 (1986). The underlying purpose of the statute is to provide a financially disadvantaged spouse

---

**1.** The Court recognizes that fees will naturally increase in the future.

with the financial resources to prosecute or defend an action. *Id.* It is clear, however, that a party need not be totally without assets or income to merit an award of attorney's fees. *G.S.G. v. P.S.G.*, Del.Supr., 412 A.2d 319, 324 (1980).

In comparing the financial resources of these parties, it is obvious that Husband has a great advantage over Wife. He will be able to increase his net worth more quickly and to a far greater extent than will Wife. At this time, there exists a tremendous income disparity, which will undoubtedly continue into the future. The disparity between employment income alone, without adding the interest payments to Wife, is even more compelling.

I cannot find that either party has been so litigious as to warrant any sort of penalty. Although this divorce has been an extremely stressful and exasperating one for both parties, neither Husband nor Wife has been excessively litigious within the meaning of *Mays v. Mays*, Del.Supr., No. 364, 1987, Christie, C.J. (November 23, 1988) ORDER.

Husband has stated in his answer to Wife's Motion for Counsel Fees that he has no cash available to pay her fees. It is my opinion that his substantial income of approximately $82,000.00 per year versus Wife's income of approximately $35,600.00 per year mandates that he pay 60% of her fees or $7,671.30. This amount is to be added to the lump sum which Husband owes to Wife and is to be paid at the same time.

IT IS SO ORDERED.