Joseph COHEN, Margaret Cohen, Louis Cohen, Bella Cohen, Harry Sircus, Ann Sircus, Leo Pollock, Adele Pollock, E. R. Klein, Fay Klein, and Josephine M. Goldberg and Commerce Trust Company, Co-Trustees of Charles E. Milens Trust, Appellants,

v.

Hugh R. ENNIS, Thomas C. Bourke, David W. Childs, Clair H. Schroeder, and Luther Willis, members of and constituting the Board of Zoning Adjustment of Kansas City, Missouri, Kansas City, Missouri, a municipal corporation, and Continental Baking Company, Inc., Respondents.

No. 47068.

Supreme Court of Missouri,

En Banc.

Dec. 8, 1958.

Philip L. Levi, Solbert M. Wasserstrom, Kansas City, for appellants.

Benj. M. Powers, City Counselor, Guy W. Rice, Asst. City Counselor, Kansas City, for respondents, Kansas City, Mo. and Bd. of Zoning Adjustment.

Fred Bellemere, Sr., Fred Bellemere, Jr., Kansas City, for respondent, Continental Baking Co., Inc.

HOLLINGSWORTH, Chief Justice.

The Board of Zoning Adjustment of Kansas City, Missouri, hereafter referred to as the "board," granted to Continental Baking Company, hereafter referred to as "Continental," a permit to construct and use a driveway over two lots owned by Continental in order to obtain an entrance to the rear of its bakery. Section 58–17 of the Kansas City zoning ordinances authorized the granting of such authority "after a public hearing, when an undue hardship can be·shown and the driveway will not adversely affect the use of neighboring property." The appellants are owners of neighboring property who claim to be adversely affected.

On December 27, 1955, a public hearing was held by the board, at which Continental and appellants appeared. During the course of that hearing, Continental agreed to amend its application (in a manner not here material) in accord with a suggestion made by the board. The evidence and respective contentions of the parties were fully heard and the board adjourned to January 10, 1956. On January 4, 1956, Continental filed its amended application, in the form suggested by the board, and on January 10, 1956, the board approved it. On January 24, 1956, the board clarified its order of approval by declaring that the area in question was not to be used by Continental for any purpose other than the maneuvering of its trucks. The aforesaid orders were duly entered of record on the dates they were made. On March 21, 1956, (70 days after the order of January 10 and 56 days after the clarifying order of January 24) appellants filed their petition in the Circuit Court seeking judicial review of the board's decision. A complete transcript of the record, including all of the evidence adduced by the respondents and appellants, was certified to the trial court for review.

Appellants' petition alleged that they were advised at the hearing on December 27, 1955, that they would be notified of the board's decision, that in fact they were not, and invoked the jurisdiction of the circuit court to review the action ·of the board pursuant to the review provisions of the administrative procedure ·act, Section 536.110 RSMo 1949, V.A.M.S., which permits the filing of a petition for review *"within thirty days after the mailing or delivery of the notice of the agency's final*

*decision."* (All statutory references herein, unless otherwise indicated, are to RSMo 1949, V.A.M.S.) Continental and the board filed separate motions to dismiss the petition, alleging that it was not presented to the court *"within thirty days after the filing of the decision in the office of the board,"* as required by the review provisions of the zoning statutes, Section 89.110 RSMo 1949, V.A.M.S., and Section 58–27 of the zoning ordinances of Kansas City. (Emphasis ours.) These motions were overruled, but respondents again pleaded them in their answer and at the trial again presented them to the court. The cause on the merits was submitted to the court upon the record filed by the board. The court, without mention of the motions to dismiss, determined the merits in favor of Continental and so rendered judgment. It is from that judgment that the protesting property owners have appealed.

Their appeal was originally directed to this court. But, in Cohen v. Ennis, Mo. Sup., 308 S.W.2d 669, we transferred the appeal to the Kansas City Court of Appeals because there was not present a constitutional question in the sense necessary to vest this court with appellate jurisdiction. Reference is made to that opinion for the reasons advanced. The Kansas City Court of Appeals proceeded to examine the merits of the appeal, and in doing so concluded that "there was no competent and substantial evidence in the record to support the board's order and the circuit court's affirmance of that order." See Cohen v. Ennis, Mo.App., 314 S.W.2d 239, 244. Having reached this conclusion on the merits, it then became necessary for the court to consider the contention of respondents that since appellants had not filed their petition for review in the circuit court within thirty days after the filing of the decision in the office of the board, as required by Sec. 89.110, they were not entitled to a review on the merits, and that the trial court had erred in overruling their motions to dismiss. Appellants, on the other hand, contended that the petition was timely filed because Sec. 89.110 is violative of Article V, Sec. 22, of the Constitution, V.A.M.S. Since the Kansas City Court of Appeals is without jurisdiction to determine whether Sec. 89.110 is unconstitutional, it retransferred the case to this court.

It is true that no witness testified at the hearing before the board that the use of appellants' property would not be adversely affected, and that appellants, or some of them, testified that the use would be adversely affected. However, Continental did introduce testimony to show the use it desired to make of the two lots and of the use of the property in the general neighborhood and established beyond question the need for an entrance-way into its bakery other than from the street on which it faced, both for its advantage in maneuvering its trucks and for the advantage to the public in reducing a traffic problem. Appellants' evidence consisted principally of the testimony of witnesses in the form of conclusions that the use of neighboring property would be adversely affected by the use of the driveway. Apparently, the board gave little credence to that testimony. The view we take of the case, however, makes it unnecessary to review the evidence in that respect.

Section 536.100 (the Administrative Procedure Act) allows judicial review to any person who has exhausted all administrative remedies and who is aggrieved by a final decision in a contested case *"unless some other provision for judicial review is provided by statute."* (Emphasis ours.) Section 89.110 of the statutes relating to zoning in cities of over 10,000 inhabitants specifically provides the procedure for judicial review of the instant case. The pertinent provisions are: "Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, or any officer, department, board or bureau of the municipality, may present to the circuit court of the county or city in which the property affected is located a petition, duly verified, setting forth that such de-

cision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within *thirty days after the filing of the decision in the office of the board.* Upon the presentation of such petition the court may allow a writ of certiorari directed to the board of adjustment to review such decision of the board of adjustment * * *. If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take additional evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his finding of fact and conclusions of law, which shall constitute a part of the proceedings upon which a determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review." (Emphasis ours.)

Obviously, Section 89.110 is controlling and, by virtue of the express provisions of Section 536.100, is determinative of the *method of review* of the decision here in question, unless, as appellants contend, it "has been abrogated by Article V, Section 22, of the Missouri Constitution." The latter provision is as follows: "All final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts *as provided by law;* and such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record." (Emphasis ours.)

In support of their contention that the provisions of Section 89.110 were "abrogated" by Article V, Section 22, of the Constitution, appellants cite: State ex rel. Police Retirement System of City of St. Louis v. Murphy, 359 Mo. 854, 224 S.W.2d 68; Disabled Police Veterans Club v. Long,

Mo.App., 279 S.W.2d 220, and Ruedlinger v. Long, Mo.App., 283 S.W.2d 889. All of those cases dealt with the *scope of review* provisions of the police retirement act of the City of St. Louis. That act (Section 86.037) limits review of the decisions of its administrative board to "the common law writ of certiorari, only." In the Murphy case, supra, it was held that the act was inconsistent with Article V, Section 22, of the Constitution and was, therefore, supplanted by the scope of review provisions set forth in Section 536.140 of the administrative procedure act. In so holding, it was said, 224 S.W.2d loc. cit. 73: "Common law certiorari does not bring the whole record, as that term is generally understood, to the reviewing court. Its chief purpose is to confine an inferior tribunal within jurisdictional limits. It presents questions of law. It does not permit the consideration of evidence or issues of fact. In its strict application it does not transmit the transcript of the evidence to the reviewing court. It is a remedy narrow in its scope and inflexible in its character." But the opinion in that case also further said, 224 S.W.2d loc. cit. 73: "We do not have here the same situation we had in Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647, where we held Article V, Section 22 extended the review already provided by statute in workmen's compensation cases. Here the act is inconsistent with the constitutional provision."

The Disabled Police Veterans Club case and the Ruedlinger case, supra, merely followed the holding in the Murphy case.

Wood v. Wagner Electric Corporation, supra, involved the statute relating to review of awards of the workmen's compensation act. The *scope of review* authorized by that act (now Section 287.490) provided: "The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award" upon grounds, among others, that "there was not sufficient competent evidence in the record to warrant the making of the award." We there held that the

portion of Article V, Section 22, of the Constitution relating to the *scope of review* of administrative decisions was mandatory and self-executing and, in effect, was amendatory of the act to the extent of substituting the broader scope of review provided by the Constitution for that set forth in the act. We further noted, however, that the provisions of Article V, Section 22, that administrative decisions "shall be subject to direct review by the courts as provided by law" refer to the method of review provided or to be provided by law (certiorari, appeal, etc.) and not to the scope of review in cases in which a hearing is required by law. Ever since Wood v. Wagner Electric Corporation we have considered that both the method of review and the scope of review provisions of Section 287.490, as the scope of review therein provided is broadened by Article V, Section 22, of the Constitution, are controlling of judicial review of workmen's compensation cases. See Scott v. Wheelock Bros., 357 Mo. 480, 209 S.W.2d 149, 150. In Eberle v. Plato Consolidated School District No. C-5 of Texas County, Mo.Sup., 313 S.W.2d 1, 3, we said: "Nothing could be clearer than that Wood v. Wagner Electric Corporation, supra, held the portion of Art. V, § 22, providing for the *scope of review* was self-executing and that the portion *shall be subject to direct review by the courts as provided by law* was not self-executing but referred to the various methods of review *then provided* or to be thereafter provided by law." (Emphasis theirs except as to "then provided".)

Reverting to the review provisions of the zoning statutes, Section 89.110, above set forth, we find that while the phrase "writ of certiorari" is used as descriptive of the method of review, actually the review therein defined is much broader. It authorizes the reviewing court to take additional testimony and to appoint a referee to take such evidence and to *"report the same to the court with his finding of fact and conclusions of law, * * * upon which a determination of the court shall be made."*

Those provisions encompass a scope of review far beyond the express limitation provided under the police retirement act, to wit: "the common law writ of certiorari, only." Consequently, the cases cited by appellants are neither controlling nor persuasive that either the *method-of-review* or *scope-of-review* provisions of Section 89.-110 were "abrogated" by Article V, Section 22, of the Constitution. (Above emphasis ours.)

In the case of Veal v. Leimkuehler, Mo. App., 249 S.W.2d 491, 495, the St. Louis Court of Appeals reviewed Section 89.110 in the light of Wood v. Wagner Electric Corporation, supra, and held that judicial review of orders of the board of adjustment is governed by Section 89.110, except that the scope of review provisions thereof "must be read in the light of the minimum standard for review provided by Constitution of 1945, art. V, § 22," to wit: that such orders be "supported by competent and substantial evidence upon the whole record."

We hold that the *method of review* of the order involved in this case, as prescribed in Section 89.110, was not "abrogated" by Article V, Section 22, of the Constitution, and that the provision of Section 89.110, which required that the petition for review of the board's order "shall be presented to the court within thirty days after the filing of the decision in the office of the board," is mandatory and jurisdictional. Respondents' motion for dismissal of the petition should have been sustained.

Appellants further contend, however, that the board failed to comply with an agreement to give them notice of its decision and that they had no notice of it until more than thirty days had elapsed after its rendition and that they were thereby deprived of due process, citing Albert J. Hoppe, Inc. v. St. Louis Public Service Company, Mo. Sup., 235 S.W.2d 347, 351, and State ex rel. M. J. Gorzik Corp. v. Mosman, Mo.Sup., 315 S.W.2d 209.

Concededly, the board never notified appellants of the decision and order

made by it. It did notify the applicant as required by the zoning ordinance but neither that ordinance nor Section 89.110 makes any provision for notice to protestants. (Possibly, that is on the theory that protestants are volunteer rather than impleaded parties.) At the hearing on respondents' motion to dismiss, Mr. Klein, an attorney for appellants at the hearing before the board and part owner of one of the properties allegedly affected by the order, testified that at the conclusion of the hearing on December 27, 1955, he, in behalf of appellants, requested that he be notified of the final decision and that Mr. Rice, assistant city counselor and attorney for the board, stated that he would be notified. Other protesting property owners and witnesses who had testified in their behalf corroborated the testimony of Mr. Klein. Mr. Rice denied hearing such a request and denied that he made such statement. Neither the transcript nor a mechanical recording of the proceedings of December 27 reflected anything whatever concerning the matter and the reporter testified that she had no recollection as to any such agreement and that her transcript was correct. In any event, however, it seems clear that an extra-judicial statement made by counsel for the board concerning notice to the parties, if made, could neither modify the statute nor invalidate a lawfully made order of the board. And, surely, it would not bind or prejudice Continental in any right vested in it under the order here involved, absent express or implied consent of Continental.

In their petition for review, appellants concede that at the conclusion of the hearing of December 27, 1955, "said hearing was adjourned until January 10, 1956, at which time further proceedings were had." We have searched the record in vain for any evidence or even any contention on the part of appellants that they were not fully aware that the board would or might further consider the application in question on that date. Apparently, in recognition of that fact, they now assert for the first

time (by supplemental brief filed in this court) that the meetings of January 10 and 24 were *"private executive sessions,"* that "in the *secret meeting* of January 10, 1956, the board purported to grant the Continental Baking Company application," and that "subsequently at the *secret meeting* of January 24, 1956, the respondent Board purported to modify and limit its said grant." (Emphasis ours.) Cited in support of that contention are certain New York cases which hold that orders made by a zoning board in executive session were violative of due process, but we think those cases are not applicable to this case for the reasons hereinafter stated.

Section 89.080 (of the zoning statutes) provides: "All meetings of the board shall be open to the public. The board shall keep minutes of its proceedings, showing the vote of each member upon question, or, if absent or failing to vote, indicating such fact, and shall keep records of its examinations and other official actions, all of which shall be immediately filed in the office of the board and shall be a public record. All testimony, objections thereto and rulings thereon, shall be taken down by a reporter employed by the board for that purpose." Neither the record nor the board's minutes furnish any substantiation of appellants' contention that the meetings of January 10 and 24 were "executive sessions" or "secret." We may not assume that they were secretly held in violation of the statute.

Under the facts shown in this case, we are convinced that appellants were chargeable with notice that Continental's application would or, at least, might be further considered on January 10. In the case of Albert J. Hoppe, Inc. v. St. Louis Public Service Company, Mo.Sup., 235 S.W.2d 347, 351, cited by appellants, the trial court, without notice, set aside a final judgment. This court, upon appeal, reversed the order of the trial court. But, in so doing, we quoted with approval from the case of Roberts v. St. Louis Merchants' Land Improvement Co., 126 Mo. 460, 29 S.W. 584,

586: "'A party over whom a court has obtained jurisdiction must take notice of all proceedings until final judgment is rendered, but after judgment he is not regarded as being before the court, and should have notice of any subsequent proceedings which affect his rights.'" The order of January 24 was a restrictive modification of the user granted Continental under the order of January 10, and was favorable to appellants. The case of State ex rel. M. J. Gorzik Corp. v. Mosman, Mo.Sup., 315 S. W.2d 209, also cited by appellants, is readily distinguishable upon its facts.

We are convinced and must hold that the trial court erred in not sustaining respondents' motions to dismiss. The judgment is reversed and the cause remanded with directions to the trial court to enter judgment dismissing the appeal.

All concur.