In the Matter of the ESTATE of Frederick R. ANGEVINE, Deceased, Plaintiff-Respondent,

v.

Deborah Lee Helstein EVIG and Nanette Unger, Co-Administratrices of the Estate of Frederick R. Angevine, Deceased, Defendants-Appellants.

No. 48171.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 8, 1984.

---

**2.** Appellant's and respondents' motions taken with the case are denied.

Mark M. Wenner, St. Louis, for defendants-appellants.

Michael Waxenberg, Clayton, for plaintiff-respondent.

KAROHL, Presiding Judge.

Appellants, personal representatives of the probate estate of Frederick R. Angevine, appeal from a probate court order allowing respondent's claim of $10,198 against the estate.

The issue on appeal is whether the probate court properly allowed the claim which was founded either on full faith and credit recognition of a judgment rendered in Illinois or registration of the Illinois judgment in the circuit court of the City of St. Louis pursuant to the provisions of the Uniform Enforcement of Foreign Judgments Law, § 511.760 RSMo 1978, Rule 74.79.

Frederick Angevine and his wife, Rosemarie, promised to pay claimant, Ben Zimring, the sum of $5,000 plus 8% per annum interest on June 8, 1973. They executed and delivered a promissory note evidencing the debt but failed to pay the note. Claimant filed suit against the Angevines on the promissory note in Illinois. The Angevines filed an answer admitting the execution of

the note and the terms of the note but denied owing a balance on the note. By way of affirmative defense the Angevines alleged that there was no consideration for the note and that the parties had agreed that the note was to be destroyed. The Illinois court granted a summary judgment on April 14, 1981, against Frederick R. Angevine, only, and provided that "execution may issue." The judgment reserved a ruling on the motion for summary judgment against Rosemarie Angevine.

On August 7, 1981, claimant filed an authenticated copy of the Illinois judgment with the circuit court of the City of St. Louis in an effort to register that judgment under the provisions of the Uniform Enforcement of Foreign Judgments Law, § 511.760 RSMo 1978; Rule 74.79. Contrary to the provisions of the statute and rule the petition for registration was unverified. The circuit court registered the judgment and ordered an execution to issue. Claimant did not thereafter secure service on Frederick Angevine. The registered judgment therefore never became a final personal judgment of the St. Louis circuit court. § 511.760(7) RSMo 1978, Rule 74.79(g).

On June 8, 1982, Frederick Angevine died a resident of the City of St. Louis, Missouri and the respondent estate was opened in the probate court. The estate offered no defense to the probate claim going to the merits.

Section 473.380 RSMo Supp.1983 provides that a *general* claim against an estate must be in writing, stating the nature and amount thereof, and signed by the claimant. When a claim is based on a written instrument the instrument must be attached to the claim. The claim now at issue was filed on a form provided by the probate court and requested "$8,233.33 plus costs and legal rate of interest [Illinois judgment rate] to date of payment." Attached to the claim were: (1) a Missouri circuit court memorandum indicating that the petition for registration of foreign judgment was granted on August 7, 1981; (2) the petition for registration of the for-

eign judgment [not verified]; (3) the authenticated Illinois court order granting summary judgment against Frederick Angevine and containing the provisions previously described. The promissory note which gave rise to the Illinois suit was not filed with the claim. However, a copy of the note and the Illinois court file was offered to the probate court at the time of the hearing on the claim and is contained in the legal file presented to this court.

The probate court granted the claim as a judgment claim, with statutory interest and made findings of fact and law. The court found that the Illinois judgment was entitled to full faith and credit under Article IV, Section 1 of the United States Constitution. The court noted that during his lifetime Frederick Angevine did not contest jurisdiction of the Illinois court, nor did he contend that the Illinois judgment was procured by fraud. The court also found that the Illinois judgment was registered on August 7, 1981 in the circuit court of the City of St. Louis. The court held that claimant had complied with the requirements of § 473.370, RSMo Supp.1981 and had established his probate claim based upon the Illinois judgment, as a judgment claim. It is clear that the court did not consider the note itself as an element of proof.

■ We review and interpret the order of the probate court in the light of what should have been done. *First National Bank of Colorado Springs v. Mark IV,* 591 S.W.2d 63, 69 (Mo.App.1979). The order should be construed "in light of the situation of the court, what was before the court and accompanying circumstances." *McDougal v. McDougal,* 279 S.W.2d 731, 739 (Mo.App.1955).

■ We find that the unverified petition for registration of a foreign judgment fails to comply with the provisions of § 511.760(3), RSMo 1978, Rule 74.79(c). The statutory requirement for a verified petition to register a foreign judgment may be jurisdictional. *See In re Marriage of Dunn,* 650 S.W.2d 638, 639 (Mo.App.1983). Without a verified petition claimant would not have been entitled to a final judgment of

registration and would not have a judgment to support a judgment claim under § 473.370 RSMo Supp.1983. The lack of verification here does not however dispose of the issues.

The claim, as filed, also relied on the authenticated Illinois judgment. Appellant contends that the judgment was not final and therefore not entitled to the full faith and credit command accorded the judgment by the probate court. Appellant argues that the judgment against Frederick Angevine, only, reserving further proceedings as to co-defendant Rosemarie Angevine, failed to dispose of all of the parties and all of the issues and was therefore an interlocutory judgment.

 Only final judgments of a sister state are entitled to full faith and credit. *In re Marriage of Bradford,* 557 S.W.2d 720, 726 (Mo.App.1977). We do not find it necessary to determine or decide whether the Illinois judgment was a final judgment under Illinois law. In our view the probate court was authorized to consider the Illinois judgment under the doctrine of comity. Under that doctrine a state may give a remedy which the full faith and credit clause does not compel. *Milwaukee County v. M.E. White Co.,* 296 U.S. 268, 272, 56 S.Ct. 229, 231, 80 L.Ed. 220 (1935). *See also,* Ehrenzweig, A Treatise on the Conflicts of Laws, 167 (1962). If the Illinois judgment is not a final judgment Missouri courts are not required to enforce it. However, Missouri courts may choose to recognize the Illinois judgment and use it as evidence to support a general claim in probate court. *See Yellow Manufacturing Acceptance Corp. v. Rogers,* 235 Mo.App. 96, 142 S.W.2d 888, 893 (1940). In *Barber v. Barber,* 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944), the United States Supreme Court noted that a "judgment of a court of general jurisdiction of a sister state duly authenticated is a prima facie evidence of the ... right which it purports to adjudicate." *Id.* at 86, 65 S.Ct. at 141.

Our Supreme Court has held "[A] demand filed in probate court is not to be judged by the strict rules of pleadings applied to a petition in the circuit court, and it is sufficient if it gives reasonable notice to the legal representatives of the estate of the nature and extent of the claim ..." *Jensen v. Estate of McCall,* 426 S.W.2d 52, 55 (Mo.1968). We find that the pleadings referring to the Illinois judgment adequately informed defendant estate of the nature and extent of the claim. No motions were filed requesting a more definite statement. The probate court was authorized to consider the authenticated Illinois judgment as evidence of a general claim under the doctrine of comity. *See Yellow Manufacturing Acceptance Corp. v. Rogers,* 235 Mo. App. 96, 142 S.W.2d 888, 893 (1940).

The co-administratrices of the estate here challenged the claim only on the theory that the judgment in Illinois was not a final judgment and thus not entitled to full faith and credit in Missouri. They did not present any defenses to the use of the comity doctrine. We agree with the defendants that the Illinois judgment may not be entitled to full faith and credit and was not properly registered. We remand the case to permit the estate to present any defenses it may have to the use of the comity doctrine.

If on remand the probate court grants the claim using the comity doctrine the judgment should be classified as a general claim under § 473.380 RSMo Supp.1983 and not as a judgment claim under § 473.370 RSMo Supp.1983.

REINHARD and CRANDALL, JJ., concur.