**AMERICAN INDUSTRIAL RESOURCES, INC.,**
**Plaintiff-Appellant,**

v.

**T.S.E. SUPPLY COMPANY,**
**Defendant-Respondent.**

No. 49487.

Missouri Court of Appeals,
Eastern District,
Division One.

April 29, 1986.

₀ Steven A. Cox, Ellisville, for plaintiff-appellant.

John T. Sluggett, III, St. Louis, for defendant-respondent.

SNYDER, Judge.

American Industrial Resources, Inc., a Florida corporation, appeals from the trial court's dismissal of its petition to register, in St. Louis County, Missouri, a foreign judgment obtained in Florida against T.S.E. Supply Company, a Missouri corporation. The judgment of dismissal is modified and, as modified, affirmed.

In American's sole challenge to the trial court's dismissal it asserts that the Florida courts properly had personal jurisdiction of TSE and therefore, the Florida judgment was entitled to full faith and credit by its registration in Missouri.

Although the legal file may establish that the Florida judgment is entitled to full faith and credit in Missouri as American argues, this court nonetheless affirms the trial court's dismissal, but for a different reason. The trial court erroneously dismissed the petition to register the foreign judgment on its merits, rather than dismissing it for lack of jurisdiction. The reason underlying the dismissal is critical because it determines its prejudicial effect.

American's petition to register the foreign judgment was not verified as required by Missouri law. Rule 74.79(c); Sec. 511.-760.3 RSMo.1978. American's initial pleading before the trial court consisted of its unverified petition for registration and an authenticated copy of the Florida judgment authenticated in the manner authorized by the laws of the United States. No oath or affirmation appears on the petition; instead, only a notary seal, signature and rubber stamp attest to the petition's verity.

■ An unverified petition for registration of a foreign judgment fails to comply

with the provisions of Sec. 511.760.3 RSMo. 1978 and of Rule 74.79(c). Section 511.-760.3 provides in part: "A verified petition for registration shall set forth a copy of the judgment to be registered, the date of its entry and the record of any subsequent entries affecting it ..." The statutory requirement for a verified petition to register a foreign judgment may be jurisdictional. *Estate of Angevine v. Evig,* 675 S.W.2d 440, 442[2] (Mo.App.1984); *In re Marriage of Dunn,* 650 S.W.2d 638, 639 (Mo.App. 1983).

The traditional concept of subject matter jurisdiction in a statutory proceeding is that strict compliance with the statutory requirements set out by the legislature is necessary to confer subject matter jurisdiction upon the trial court. Restated, where a trial court's subject matter jurisdiction arises solely by statutory creation, absent conformity with the statute, no such jurisdiction exists in the trial court.

■ Missouri courts have followed this precept most often in dissolution cases. Section 452.310.2 RSMo.1978 of the Marriage and Dissolution of Marriage Act provides in part: "The petition in a proceeding for dissolution of marriage or legal separation shall be *verified* and shall allege the marriage is irretrievably broken and shall set forth ..." (emphasis added). Countless Missouri cases have held that verification of a dissolution petition is jurisdictional. *See* Mo.Ann.Stat. Sec. 452.310 n. 3 (Vernon 1977 and 1986 Supp). Absent a dissolution petition properly verified in accordance with the statutes, a trial court lacks authority to render a decree of dissolution.

■ Whether the pleading is a petition for dissolution of marriage or a petition to register a foreign judgment, the same purpose underlies the requirement of verification—to assure the truth of the pleading. Although the absence of verification here may be merely an oversight, in some cases it may be an attempt to deceive. Because the consequence of registration of a foreign judgment may ultimately affect an alleged debtor's property interest in Mis-

souri, the absence of verification could subject one to liability on a false pleading.

Thus, strict adherence to the statutory requirements has great importance where one attempts to enforce the liability imposed by another jurisdiction on a citizen of Missouri through registration of a foreign judgment. This court is reluctant to uphold the dismissal of what may be a valid judgment; the requirement of verification, however, is sound practice and should be enforced. Without a properly verified petition, American is not entitled to a final judgment of registration. *Accord Estate of Angevine,* 675 S.W.2d at 442–43.

American, relying on *Gerace v. Conley,* 665 S.W.2d 377, 379–80[1] (Mo.App.S.D. 1984), responds that TSE's failure to object to the petition on this ground at trial waives any possible claim of error. Subject-matter jurisdiction concerns "the nature of the cause of action or the relief sought" and exists only when the tribunal "has the right to proceed to determine the controversy or question in issue between the parties, or grant the relief prayed." *State Tax Commission v. Administrative Hearing Commission,* 641 S.W.2d 69, 72[1] (Mo. banc 1982).

The defense of lack of subject-matter jurisdiction may not be waived, *id.* [2], and subject matter jurisdiction cannot be conferred by consent or agreement of the parties, by appearance or answer, or by estoppel. *Id.* [3]. The lack of subject-matter jurisdiction may be raised at any stage in the proceeding, even for the first time in this court. *Id.* [4]. Because the parties cannot consent to or create jurisdiction not already existing in the court, American's position that TSE has waived the jurisdictional defect is without merit.

■ The trial court purported to dismiss the cause of action on its merits and did not specify that the dismissal was without prejudice. Therefore, the trial court's dismissal would have been with prejudice if the court had possessed jurisdiction. Rule 67.-03. Inasmuch as the trial court did not have jurisdiction because the petition to register the foreign judgment was fatally

defective, under Rule 67.03 the dismissal is without prejudice to any further action appellant may wish to take.

TSE has filed a motion to dismiss this appeal, which was taken with the case. It is denied. TSE's motion erroneously concludes that the absence of jurisdiction in the trial court precludes jurisdiction of the appeal before this court. This court has jurisdiction of the appeal; however, this jurisdiction does not extend to a determination of the appeal on its merits because the trial court did not have subject matter jurisdiction. *Accord Shepler v. Shepler,* 348 S.W.2d 607, 609[1] (Mo.App.1981).

The second motion by TSE taken with the case seeks to strike portions of the legal file. In view of the affirmance of the dismissal of the unverified petition, this motion is denied as moot.

The judgment is modified by amending the dismissal of appellant's petition to register the Florida judgment so that the dismissal is without prejudice. As modified, the judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.