Thomas C. KELLY, d/b/a Rental
Entertainment, Inc.,
Plaintiff–Appellant,

v.

CITY OF ST. LOUIS, BOARD OF AD-
JUSTMENT, DEPT. OF PUBLIC
SAFETY, Defendant–Respondent.

No. 52934.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 15, 1987.

Motion for Rehearing and/or Transfer
Denied Jan. 20, 1988.

Application to Transfer Denied
March 15, 1988.

Robert A. Hampe, St. Louis, for plaintiff-appellant.

Robert C. McNicholas, Associate City Counselor, St. Louis, for defendant-respondent.

PUDLOWSKI, Judge.

Thomas C. Kelly appeals from an order of the Circuit Court of the City of St. Louis which dismissed his petition requesting a review of a decision by the city's Board of Adjustment. We affirm.

Appellant was issued a Certificate of Occupancy in Zoning for property located at 3442 Lindell Boulevard in the City of St. Louis. On February 7, 1986, the Division of Building and Inspection notified appellant that he was in violation of a city ordinance. At that time appellant was directed to apply for another permit to occupy the same premises. Appellant filed an appeal and was granted a hearing before the Board of Adjustment of the City of St. Louis, which upheld the decision of the Division of Building and Inspection. Having exhausted all his administrative remedies, appellant filed a petition for review in the Circuit Court of the City of St. Louis on April 23, 1986. This unverified petition, signed by appellant's attorney, was filed on the thirtieth day after the Board of Adjustment handed down its decision.

On December 4, 1986, respondent filed a motion to dismiss for failure to file a verified petition as required by Section 89.110, RSMo 1986. On February 2, 1987, appellant was granted leave to file an amended petition. This petition was identical to the original except that it was properly verified. Two days later respondent filed a motion to dismiss the amended petition. A hearing was held, and on March 4, 1987, the circuit court issued its order dismissing both petitions. It is from that order that this appeal is taken.

Appellant's only point relied on states: "That the learned trial court erred in sustaining defendant's motion to dismiss for failure to verify the original petition." Compliance with Rule 84.04(d) is necessary in order to preserve an issue for review by this court. It is insufficient to simply allege that the trial court was wrong without reference to some factor which supports such a conclusion. *Montesano v. James*, 655 S.W.2d 137, 139 (Mo.App.1983). Nevertheless, dismissal of an appeal for Rule 84.04 violations may be excused by this court. Rule 84.08(a). Because the issue needs to be clarified, we will consider the challenge raised in the argument portion of appellant's brief.

Section 89.110, RSMo 1986, reads in part:

Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, or any officer, department, board or bureau of the municipality, may present to the circuit court of the county or city in which the property affected is located a petition, *duly verified,* setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board. (Emphasis added).

The trial court, relying on *Cohen v. Ennis,* 318 S.W.2d 310 (Mo. banc 1958), found that the filing of an amended, verified petition after the thirty day period had expired could not "reach back and create jurisdiction that was not there in the beginning." We agree. Although *Cohen* dealt with the jurisdictional prerequisite of filing within thirty days, verification is also a jurisdictional prerequisite [1] required by Section 89.-110, RSMo 1986. "[W]here a trial court's subject matter jurisdiction arises solely by statutory creation, absent conformity with the statute, no such jurisdiction exists in the trial court." *American Indus. Resources, Inc. v. T.S.E. Supply Co.,* 708 S.W.2d 806, 808 (Mo.App.1986).

The decision of the trial court dismissing both petitions is affirmed.

STEPHAN, P.J., and DOWD, J., concur.

---

1. *See State ex rel Board of Zoning Appeals of Indianapolis v. Grant,* 246 Ind. 317, 204 N.E.2d 658 (1965) (holding that failure to file a verified petition as required by statute left the court without jurisdiction).