**STANDARD OF BEAVERDALE, INC., Respondent,**

v.

**John HEMPHILL, Appellant.**

**No. 53068.**

Missouri Court of Appeals, Eastern District, Division One.

March 22, 1988.

Eugene E. Eimer, St. Louis, for appellant.

Stephen A. Thompson, Clayton, for respondent.

CRIST, Judge.

John Hemphill (judgment debtor) appeals from a judgment registering an Iowa judgment and dismissing his counterclaim. We affirm.

On February 20, 1986, Standard of Beaverdale, Inc., (judgment creditor) filed its "Petition for Registering Foreign Judgment." The petition sought the registration and enforcement of an Iowa judgment rendered May 20, 1985, in favor of judgment creditor and against John Hemphill, d/b/a Hemphill Construction (judgment debtor). The petition, which was not veri-

fied, was signed by Douglas A. Copeland, as attorney for judgment creditor. Service was had on John Hemphill on April 1, 1986. On May 7, 1986, a default and inquiry was granted to judgment creditor. This was set aside on May 16, 1986, after judgment debtor's attorney entered his appearance.

A counterclaim, an answer, and a motion to dismiss were filed by Hemphill Contracting Co., Inc., on May 30, 1986. The grounds given in the motion to dismiss included the failure of judgment creditor to verify the petition.

On October 7, 1986, judgment creditor, with leave of court, amended its petition by interlineation by adding a verification clause. The verification was signed by judgment creditor's Missouri attorney but gave no indication of his authority or connection to judgment creditor. The amendment simply stated:

> Douglas A. Copeland [attorney], being being first duly sworn, says and deposes that the facts contained in Plaintiff's Petition for Registering Foreign Judgment are true and correct to the best of his knowledge, information and belief.

The trial court sustained a motion to dismiss the counterclaim, denied the motion to dismiss the petition, and made the Iowa judgment a final judgment.

Judgment debtor asserts reversible error in that the original petition was not verified as required by Rule 74.79(c), and the verification which was subsequently added by interlineation was signed by judgment creditor's Missouri attorney and not by judgment creditor. The trial court would not have had jurisdiction to enter a final judgment if the petition had never been verified. § 511.760.3, RSMo 1986; Rule 74.79(c); *American Industrial Resources, Inc. v. T.S.E. Supply Co.,* 708 S.W.2d 806, 808 [1, 4] (Mo.App.1986); *Estate of Angevine v. Evig,* 675 S.W.2d 440, 442–43 [2] (Mo.App.1984). However, the petition was verified by amendment. Thus the issue is whether the verification on October 7, 1986 by judgment creditor's Missouri attorney was sufficient. We find it was.

■ The amendment was done with the permission of the court and was thus allow-able. Rule 55.33(a). The amendment could only act as the required verification clause, however, if the attorney was a proper signatory of the verification. Where a statute specifies who can make an affidavit, only an affidavit by a specified person will suffice. *McClard v. Morrison,* 281 S.W.2d 592, 593 [1] (Mo.App.1955). Neither § 511.760.3 nor Rule 74.79(c) specify who is to make the verification in an action to register a foreign judgment.

■ A corporation is an artificial being, and, as an entity it must act through an agent. *See generally, Eichelberger v. Barnes Hospital,* 655 S.W.2d 699, 706 [18] (Mo.App.1983). Thus, an authorized attorney generally can make an affidavit on behalf of a corporate client in a judicial proceeding in which the attorney is representing that corporation. *State ex rel. Kansas City Public Service Co. v. Waltner,* 169 S.W.2d 697, 704 [12] (Mo.1943); *see also Kansas City Building & Loan Association No. 6 v. Harding,* 58 S.W.2d 795, 796 [7] (Mo.App.1933). Judgment creditor's Missouri attorney attested to the truth of the facts contained in the petition. The petition asserted defendant's county of residence, the existence and details of the Iowa judgment, the authenticity of the Iowa judgment attached to the petition, and a calculation of interest due on the Iowa judgment. All those facts could easily have been within the personal knowledge of judgment creditor's Missouri attorney. Judgment debtor's reliance on our family law opinions requiring the party to sign the verification is misplaced because of the differing policies behind verification and because of the different nature of the parties. *See In re Marriage of Dunn,* 650 S.W.2d 638 (Mo.App.1983). *But see McCammon v. McCammon,* 680 S.W.2d 196, 201 [2] (Mo.App.1984). Under the facts of this case, the petition is not made invalid by the fact the verification was signed by judgment creditor's Missouri attorney. And, although the verification does not indicate his authority to sign it, it was an amendment by interlineation to a petition he did sign as "Attorneys for Plaintiff."

Judgment debtor asserts that even if the verification was sufficient it would not relate back to the date of the original petition, and thus the counterclaim was not untimely. The timing of the verification is unimportant as long as the petition is verified prior to the entry of the final judgment. *American,* which did not involve an attempt to amend the unverified petition, held that where the petition remained unverified the trial court was without jurisdiction to enter a final judgment. 708 S.W.2d at 806. In so holding, *American* notes, "[a]bsent a dissolution petition properly verified ... a trial court lacks authority to render a decree of dissolution." *Id.* at 808. The verification requirement is not so strict as to make the initial, unverified petition unsalvageable, and the verification relates back to the filing of the original petition. In support of our holding we note new Supreme Court Rule 74.14, effective January 1, 1988, allows for the registration of a foreign judgment by simply filing an authenticated copy of the foreign judgment with the circuit clerk's office.

Under Rule 55.33(c) an "amendment relates back to the date of the original pleading" if it "arose out of the [same] conduct, transaction, or occurrence." *Koerper & Co., Inc. v. Unitel International, Inc.,* 739 S.W.2d 705, 706 (Mo. banc 1987); *Rusk Farms, Inc. v. Ralston Purina Co.,* 689 S.W.2d 671, 677 [3] (Mo.App.1985). The purpose of relating back amendments is to further justice by allowing a party to put before the trier of fact matters that were overlooked or unknown at the time the original pleading was filed. *Baker v. City of Kansas City,* 671 S.W.2d 325, 329 [8, 11] (Mo.App.1984). "[A] party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford...." *Koerper,* 739 S.W.2d at 706, quoting *Hawkins v. Hawkins,* 533 S.W.2d 634, 638 (Mo.App.1976). Judgment debtor was on notice of the filing of judgment creditor's petition and of its purpose to register a foreign judgment. Additionally, there was no prejudice to judgment debtor by the late verification because the default judgment was set aside and then the court did not rule on either parties' motions or claims until after a hearing and after receiving memoranda from both sides. *See e.g. Gerace v. Conley,* 665 S.W.2d 377 (Mo. App.1984); and *generally, In re Estate of Shaffer,* 454 P.2d 1 (Kan.1969).

Even if the verification had not related back the counterclaim was properly dismissed on the ground it purported to be filed by "Hemphill Contracting Co., Inc. ... which is not presently a party to this action...." The counterclaim was not filed by John Hemphill individually or by Hemphill Construction, the parties named in judgment creditor's petition. It did not allege the petition contained a misnomer which judgment debtor wished to correct. *See Watson v. E.W. Bliss Co.,* 704 S.W.2d 667, 670 [2] (Mo. banc 1986); *Aman Collection Service, Inc. v. Burgess,* 612 S.W.2d 405 (Mo.App.1981). And, in the counterclaim judgment debtor did not seek leave to join Hemphill Contracting Co. as an additional party under Rule 55.32(g). Hemphill Contracting Co. was by its own assertion a nonparty, and as such it cannot just go around filing counterclaims in ongoing actions.

The court's dismissal of the purported counterclaim was proper. The registration of the foreign judgment is not otherwise attacked by judgment debtor.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.