DRURY DISPLAYS, INC., Appellant,

v.

The BOARD OF ADJUSTMENT OF the CITY OF ST. LOUIS, Missouri, Respondent.

No. 70516.

Supreme Court of Missouri, En Banc.

Nov. 15, 1988.

Rehearing Denied Dec. 13, 1988.

Steven M. Hamburg, Bryan L. Hettenbach, St. Louis, for appellant.

Robert C. McNicholas, Associate City Counselor, James J. Wilson, City Counselor, St. Louis, for respondent.

RENDLEN, Judge.

Drury Displays, Inc., appeals from an order of the circuit court dismissing its original and amended petitions by which Drury sought review of a decision of the City of St. Louis Board of Adjustment denying its request for a permit to construct an "outdoor advertising device" in an area of St. Louis zoned "J" industrial. The court of appeals characterized the question raised by the appeal as whether *vel non* the trial court erred in dismissing Drury's timely though unverified peitition on the basis that the verification requirement of § 89.110, RSMo 1986, is jurisdictional and determining that the verification supplied by the amended petition could not relate back and "create jurisdiction." Citing *Kelly v. City of St. Louis Board of Adjustment*, 745 S.W.2d 177 (Mo.App.1987), in which the same issue was presented, the court of appeals stated it was constrained to affirm the judgment, but, noting the importance of the question, transferred the cause for our reexamination of existing law. Deciding the case as though on original appeal, we reverse and remand.

Appellant's request for a permit to construct an outdoor advertising device on South Broadway in the City of St. Louis was denied by the board of adjustment on December 22, 1986, and on January 21, 1987, the thirtieth day following issuance of the board's decision, appellant filed a petition for review in the circuit court. The board moved for dismissal of appellant's petition on February 13, 1987, alleging that the court was without jurisdiction because of appellant's failure to verify the petition pursuant to § 89.110, RSMo 1986. On May 15, appellant filed an amended petition identical to the first except properly verified. That same day, the court dismissed both the original and amended petitions with prejudice, ruling that:

89.110 RSMo requires verification and ... said requirement is mandatory and jurisdictional. The original petition was not verified and notwithstanding the filing of the amended petition, the requirements of the statute have not been met. The Court follows *Cohen v. Ennis*, 318 S.W.2d 310 and holds amended petition can't relate back to original petition and "create" jurisdiction.

Appellant questions the relevance of the cited authority and argues that the court erred in dismissing the petition because verification can be supplied by amendment and relate back to the time the petition was filed. Respondent, as did the trial court, relies on *Cohen v. Ennis*, 318 S.W.2d 310 (Mo. banc 1958), in which the Court held that the thirty-day time limitation for filing petitions under § 89.110 is mandatory and jurisdictional. From this, respondent extrapolates that compliance with the verification requirement of § 89.110 is also a prerequisite to jurisdiction.[1] Our attention is directed to *In re Marriage of Dunn*, 650 S.W.2d 638 (Mo.App.1983), in which it was held the requirement of a verified petition in a dissolution proceeding is jurisdictional, and *American Industrial Resources, Inc. v. T.S.E. Supply Co.*, 708 S.W.2d 806, 808 (Mo.App.1986), where it was stated "[w]ithout a properly verified petition, [a petitioner seeking to register a foreign judgment] is not entitled to a final judgment of registration." In *Kelly*, the only Missouri case involving facts similar to those presented here, the eastern district recently determined that filing a verified petition within thirty days after the decision of the board of adjustment pursuant to § 89.110 is essential to jurisdiction, and the trial court there properly dismissed the original petition as well as the amended verified petition. 745 S.W.2d at 178. In so doing, it

---

1. Section 89.110, RSMo 1986, provides:

    Any person ... aggrieved by any decision of the board of adjustment ... may present to the circuit court of the county or city in which the property affected is located a petition, *duly verifed,* setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board. Upon the presentation of such petition the court may allow a writ of certiori directed to the board of adjustment to review such decision of the board of adjustment and shall prescribe therein the time within which a return thereto must be made and served upon the relator's attorney....
    (Emphasis ours.)

relied on *Cohen,* 318 S.W.2d at 310, and *American Industrial,* 708 S.W.2d at 808. The court of appeals transferred this case that we might examine the existing law as reflected in *Kelly.*

We believe the court of appeals in *Kelly* and respondents here, by framing the question in terms of whether verification is "jurisdictional," have misconstrued or overlooked the essential issue to be determined, which is, whether the filing of an unverified petition is sufficient to permit a relation back upon filing a properly verified petition or amendment to the original. We hold that it is.

None of the cases cited by respondent or relied on by the court in *Kelly* involved an attempt to verify a petition by amendment, and our reading of *American Industrial* and *Dunn* persuades us that those decisions stand only for the proposition that no final judgment affording relief to a plaintiff can be entered on an unverified petition in proceedings in which verification is required. This interpretation is supported by *Standard of Beaverdale, Inc. v. Hemphill,* 746 S.W.2d 662 (Mo.App.1988), which, like *American Industrial,* involved an action to register a foreign judgment. There the trial court allowed the judgment creditor to add a verification clause to his petition by amendment and the judgment debtor challenged that ruling on appeal. The court of appeals stated "[t]he timing of the verification is unimportant as long as the petition is verified prior to the entry of the final judgment[,]" and observed "[t]he verification requirement is not so strict as to make the initial, unverified petition unsalvageable, and the verification relates back to the filing of the original petition." 746 S.W.2d at 664. The court noted that Rule 55.33(c) provides an "amendment relates back to the date of the original pleading" if it "arose out of the [same] conduct, transaction, or occurrence." *Id.* We find the rea-

soning expressed in *Standard of Beaverdale* equally applicable to actions under § 89.110.

Respondent's reliance on *Cohen,* in which the thirty-day limitation for filing claims under § 89.110 was considered, is misplaced, for that case has little, if any, relevance to the issue presented here, which is not whether the statute must be complied with, but whether the verification requirement can be satisfied by amendment. The purpose of the thirty-day requirement is to give the board of adjustment timely notice of the litigation, and "a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice the statutes of limitation are intended to afford." *Koerper & Co., Inc. v. Unitel International, Inc.,* 739 S.W.2d 705, 706 (Mo. banc 1987). Further, the verification requirement is designed to "assure the truth of the pleading." *American Industrial,* 708 S.W.2d at 808. Allowing a petition to be verified by amendment does no violence to either of those objectives. Our holding does not permit the filing of false claims, because "[t]he verification of a complaint, as well as the complaint itself, speaks as of the time the action was commenced by filing the complaint. It is sufficient if it was then true." 71 C.J.S. *Pleading* § 358.[2] Nor can it be said that the board of adjustment was deprived of timely notice of the litigation when the original petition, filed within thirty days of the board's decision, contains all the petitioner's substantive allegations. The amended petition in this case is identical in all respects to the original, with the exception of the addition of a verification clause, and fully apprised the board of the litigation.

Although Rule 55.33 grants trial courts discretion in allowing amendments to pleadings after a responsive pleading has been filed; *see Oberkramer v. City of Ellisville,*

---

**2.** We note also that under Rule 55.03, an attorney of record, or a party not represented by counsel, must sign all pleadings, and by so doing the attorney or party is certifying that:

he has read the pleading, ...; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well

grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

706 S.W.2d 440, 441 (Mo. banc 1986); *Cento v. Cento,* 703 S.W.2d 595, 596 (Mo.App. 1986); here the trial court erred in concluding that the verification required by § 89.110 cannot be supplied by amendment and accordingly the cause is reversed and remanded for further proceedings not inconsistent with this opinion.

BILLINGS, C.J., BLACKMAR, · WELLIVER and HIGGINS, JJ., and GAITAN, Special Judge, concur.

ROBERTSON, J., dissents.

DONNELLY, J., not sitting.