FEDERATED MORTGAGE AND INVESTMENT COMPANY, Appellant,

v.

Stephen JONES and Sharon K. Jones, Defendants,

and

Eugene D. Brown Company, Realtors, Respondent.

No. 72694.

Supreme Court of Missouri, En Banc.

Nov. 20, 1990.

Richard J. Koury II, Independence, for appellant.

Terence M. O'Brien, Kansas City, for respondent.

COVINGTON, Judge.

Federated Mortgage and Investment Company appeals from the circuit court's dismissal of a garnishment action. The circuit court found that it was without jurisdiction to proceed in a garnishment action because the underlying judgment was void for failure to comply with the verification by affidavit requirement of § 535.020,

RSMo 1986, a procedure for dispossession of a tenant for nonpayment of rent. The Missouri Court of Appeals, Western District, affirmed, but transferred the case to this Court for the purpose of re-examining the existing law. The judgment is reversed and the cause remanded.

In 1983 Federated Mortgage filed a petition for rent and possession in an associate circuit judge's division of the Jackson County Circuit Court against Stephen Jones and Sharon K. Jones. Richard J. Koury, II, attorney for Federated Mortgage, signed the petition in that capacity. Following the signature of Mr. Koury is typed a statement averring that "Richard J. Koury, II, attorney for Plaintiff, makes oath and states that to the best of my knowledge and belief the facts and allegations contained in the Petition are true." Mr. Koury also signed this statement. The statement signed by Mr. Koury, however, lacked a notary's jurat. On August 10, 1983, after evidence was adduced on behalf of the plaintiff, the associate circuit judge entered a judgment by default for rent and for possession of the premises.

In April of 1988, at the request of Federated Mortgage, the court issued a summons of garnishment to Eugene D. Brown Company, Sharon Jones' employer. Sharon Jones subsequently filed an affidavit of exemption claiming entitlement to a ninety percent exemption on the garnishment. The court, acting on Sharon Jones' request, directed the garnishee to pay Jones ninety percent of the compensation owed her and to hold ten percent to pay on the garnishment when so directed by the court. Apparently in an effort to dispute the exemption, Federated Mortgage moved for judgment against the garnishee. The question was whether real estate commissions owing by Brown to judgment-debtor Sharon Jones were subject to the ninety percent exemption provided for by § 525.030.2, RSMo 1986. The associate circuit judge entered judgment against the garnishee after which the garnishee applied for trial *de novo*.

In the circuit division, the judge discovered through examination of the file that

plaintiff's original petition was not verified as required by § 535.020, which provides:

> Whenever any rent has become due and payable, and payment has been demanded by the landlord or his agent from the lessee or person occupying the premises, and payment thereof has not been made, the landlord or his agent may file a statement, verified by affidavit, with any associate circuit judge in the county in which the property is situated, setting forth the terms on which said property was rented, and the amount of rent actually due to such landlord; that the same has been demanded from the tenant, lessee or person occupying the premises, and that payment has not been made, and substantially describing the property rented or leased....

Noting her jurisdiction to be derivative, the trial court found, *sua sponte*, a lack of jurisdiction to proceed with the garnishment proceeding. Federated Mortgage appealed.

Initially this Court observes that the associate circuit judge's division had jurisdiction over the persons. There is no allegation of lack of notice of the litigation. The pleading states a cause of action to support a judgment according to the requirements of the statute but for the missing jurat of the notary. The plaintiff adduced evidence before entry of judgment.

■ The purpose of a verification is to secure good faith in the averments of a party. *See Drury Displays v. Board of Adjustment*, 760 S.W.2d 112, 114 (Mo. banc 1988). As a general rule the verification requirement is not so strict as to make an unverified petition "unsalvageable." *Id.* The reason for this must be that when a pleading otherwise states a cause of action to support a judgment, the verification does not constitute a part of the pleading itself but, rather, goes to the form of the pleading.

■ Under the holding of *Drury Displays*, the associate circuit judge in this case would have been within his discretion to permit amendment to verify the pleading while the judgment was still within his control. *Drury Displays*, 760 S.W.2d at 114–15. After a matter has gone to judgment, however, the question becomes one of whether the defect can be corrected after judgment. The legislature, at least implicitly expressing cognizance of the principles of finality of judgments, has afforded relief under certain circumstances. Section 511.260(14), RSMo 1986, provides that a judgment:

> ... shall not be ... impaired or in any way affected by reason of the following imperfections, omissions, defects, matters or things, or any of them, namely:
>
> .    .    .    .    .
>
> (14) For any other default or negligence of any clerk or officer of the court or of the parties, or of their attorneys, by which neither party shall have been prejudiced.

The parties in this case make no claim of prejudice, and there is no basis for such a claim. The defendants, although duly served with process, raised no objection to the lack of jurat. The pleading states a cause of action. The record reflects that the plaintiff adduced evidence, sworn testimony, prior to the associate circuit judge's entry of judgment. The sole dispute, raised in an action by the judgment-creditor against the garnishee, is whether the real estate commissions owing by the garnishee to the judgment-debtor are subject to the ninety percent exemption. There is clear absence of prejudice. Application of § 511.260(14) in this case serves the principles of finality of judgments without undermining the validity of the underlying judgment.

The circuit court has authority to proceed.

The judgment is reversed and the cause remanded and ordered reinstated for further proceedings.

BLACKMAR, C.J., and ROBERTSON, RENDLEN and HOLSTEIN, JJ., concur.

SEILER, Senior Judge, dissents in separate opinion filed.

HIGGINS, J., dissents and concurs in dissenting opinion of SEILER, Senior Judge.

BILLINGS, J., not sitting.

ROBERT E. SEILER, Senior Judge, dissenting.

For the following reasons, I believe the judgment should be affirmed and therefore respectfully dissent.

In order to prevail in this garnishment proceeding, plaintiff must have been entitled to its judgment in the underlying rent and possession action. The statutory action of a landlord for rent and possession (now section 525.020, RSMo) is over 100 years old.[1] It has always required certain averments in the statement or petition. One is that the petition be verified by affidavit.

The action is a summary one. Only 5 days need elapse between service of summons and return date. If the landlord prevails, the court must issue execution to put the landlord in immediate possession, which the sheriff must do within 5 days of receiving the execution as well as satisfying the rent due from the goods and chattels of the defendant. All of this can be done on the petition alone if there is no response. People can be put out on the street and their furniture seized in less than 10 days.

Perhaps it is because the remedy can be so swift and drastic that the legislature has always required that the petition be verified, a requirement which may have been thought to "assure the truth of the pleading," *American Industrial Resources, Inc., v. T.S.E. Supply Co.*, 708 S.W.2d 806, 808 (Mo.App.1986), and *Drury Displays v. Board of Adjustment*, 760 S.W.2d 112, 114 (Mo. banc 1988). In *Emert v. Waldman*, 186 S.W.2d 42 (Mo.App.1945), the statement in a landlord's action for rent and possession was not verified, either by the landlord or his agent. The court held that "[t]he record herein conclusively shows that the action was not instituted in accordance with the requirements of the statute ... compliance with which is necessary to give the court jurisdiction." *Id.* at 46.

While it is true the associate circuit judge's division of the circuit court has jurisdiction to hear and decide a landlord's action for rent and possession, that general proposition does not meet the issue here. Unless the statement filed meets the statutory requirements there is nothing for the general jurisdiction to act on. It is as though one were trying to use a pay telephone without first inserting the necessary coin. The telephone is there, ready to go, but without the coin (as with the proper statement in the rent and possession case), it cannot operate.

We enforce strictly our requirement that the movant in a motion for relief following conviction after trial (Rule 29.15(d)) verify the motion. Failure to do so requires dismissal. *Vinson v. State*, 800 S.W.2d 444 at 447–48 (Mo. banc 1990); *Malone v. State*, 798 S.W.2d 149, 150–51 (Mo. banc 1990); *Kilgore v. State*, 791 S.W.2d 393, 395 (Mo. banc 1990). The rule says "shall verify," which is no stronger than the mandatory language "verified by affidavit" found in section 535.020, *supra*.

It may be that failure of the movant to verify his motion actually does not prejudice anyone, yet such failure is not saved by section 511.260(14), RSMo 1986. I do not believe that statute applies to the summary procedure before us and have been unable to find any cases where it has been so applied. I see no reason not to require that all the i's be dotted, all the t's crossed—in other words, that the statute creating the remedy for rent and possession be complied with. That was not done here.

HIGGINS, J., concurs.

---

1. The statute has been substantially the same since 1877, L. 1877, p. 284.