Marietta D. THOMAS, Petitioner–
Appellant,

v.

Jerry Lee THOMAS, Respondent–
Respondent.

No. 67058.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 21, 1995.

Charles A. Hapke, Weldon Spring, for Appellant.

Jerry Lee Thomas, Silsbee, Texas, Pro Se.

KAROHL, Judge.

Wife appeals an order denying her petition for dissolution of marriage and a denial of equitable relief. Husband has not participated in this appeal. Wife contends the trial court erred in: (1) denying her claim for equitable relief without making specific findings of fact on controverted fact issues; (2) deciding it totally lacked jurisdiction of the subject matter or parties; and (3) finding the parties acknowledged the validity of the Texas decree. We dismiss wife's appeal because there is no final judgment as required by § 512.020 RSMo1994.

The parties were married in 1967 and a child was born later that year. Wife filed an unverified petition for dissolution of marriage in July 1984. The parties engaged in discovery and unsuccessful settlement negotiations. Husband filed an answer and unverified cross-petition on June 16, 1987. On August 4, 1989, wife filed a verified amended petition for dissolution. The trial court found the original petition for dissolution was not verified as required under § 452.310 RSMo1994 and failed to confer subject matter jurisdiction on the court. The cause was removed from the docket until service of the first amended petition or entry of appearance by husband's attorney.

March 19, 1990, husband, a resident of Texas, filed a petition for divorce in the state of Texas. Wife was served only by publication. She did not answer or appear. A Texas court dissolved the marriage on September 19, 1990.

On January 5, 1994, wife filed a verified, second amended petition. The petition contained two counts: one for dissolution (Count I), the other for equitable relief if the marriage was previously dissolved by the Texas decree (Count II). She made claims for child support and maintenance [both to be retroactive from the date of filing the original petition]; child support for a period when the child would have attended college but was prevented by father's non-support; a just and proper division of marital property; and reimbursement for attorney fees. Husband challenged service of process and filed an answer to wife's second amended petition. At trial, wife appeared with her attorney.

Husband appeared by attorney and participated on the merits. At the close of the evidence, wife timely requested the court to make findings of fact and conclusions of law. The trial court denied wife's petition for dissolution and found the following:

Both parties acknowledge that the 1990 Texas Decree of Divorce is valid. Further, there was no allegation made nor proof offered to show the Texas Divorce was obtained by fraud.

The [second] Amended Petition filed January 5, 1994 proports [sic] to request an order of common law support, however, the evidence indicates the minor child became emancipated in 1985 and more than five years prior to the filing of Petitioner's Second Amended Petition.

Therefore, the Court denies all relief requested by [wife].

■ Before considering the merits of an appeal, this court has a duty to determine if it has jurisdiction. *Ritter v. Aetna Casualty and Surety Company,* 686 S.W.2d 563, 564 (Mo.App.1985). To determine jurisdiction, this court must examine the finality of the judgment appealed. *Steinmetz v. Missouri Highway and Transp. Com'n,* 645 S.W.2d 36, 38 (Mo.App.1982). In order for a judgment to be final and appealable, it must dispose of all issues and all parties in the case. *Kuta v. Collier,* 637 S.W.2d 734, 736 (Mo.App.1982). If the judgment is not final and appealable, the appeal must be dismissed as premature. *Id.*

■ Here, the trial court made an incomplete finding. Wife timely requested a specific finding of fact on child support, maintenance, division of property, and attorney fees. The order only addressed common law child support, otherwise known as, retroactive child support. The decision on a request for an award of retroactive child support is reviewable in terms of abuse of discretion. *Wenger v. Wenger,* 876 S.W.2d 735, 740 (Mo. App.E.D.1994). We find no abuse on that issue. But, the court has not disposed of all issues presented in the pleadings and evidence. For that reason wife's appeal must be dismissed for lack of a final judgment. We do not dismiss because the trial court lacked personal or subject matter jurisdiction.

■ We find the trial court had jurisdiction to determine Count II of wife's second amended petition which contained allegations to support equitable relief on matters not determined by the Texas decree. The trial court found the original petition for dissolution lacked subject matter jurisdiction because it was not verified as required by § 452.310.2 RSMo1986.

■ *Drury Displays, Inc. v. Board of Adjustment,* 760 S.W.2d 112 (Mo. banc 1988) supports a finding the verified amended pleadings may relate back to the original petition, thus conferring jurisdiction on the court. In *Drury,* the circuit court dismissed Drury's original and amended petition because it failed to satisfy verification requirements. *Drury,* 760 S.W.2d 112, 113 (Mo. banc 1988). The Court of Appeals affirmed the circuit court's decision. *Id.* The Missouri Supreme Court reversed, holding verification may be supplied by an amendment and relate back to the time the petition was filed. *Id.* at 114. "The purpose of verification is to secure good faith in the averments of a party." *Federated Mortgage and Investment Company v. Jones,* 798 S.W.2d 719, 721 (Mo. banc 1990). The requirement of verification is not so strict as to make an unverified petition "unsalvageable." *Id.* We are bound to follow *Drury* and its progeny.

■ Wife's verified second amended petition which contained equitable relief claims relates back to the filing of her original petition which was personally served on husband. Husband filed a cross-petition requesting affirmative relief. However, wife cannot relitigate the marriage or contest the validity of the Texas decree because relation-back doctrine does not apply where it would be prejudicial. *See Federated Mortgage and Investment Company,* 798 S.W.2d at 721. Husband's remarriage bars a relation-back on the marriage. However, the Texas decree only dissolved the marriage and did not determine any equitable claims such as child support, maintenance, or attorney fees. *See Urbanek v. Urbanek,* 503 S.W.2d 434, 439 (Mo.App.1973).

Additionally, we find no new service for the second amended petition is required. Count II of wife's second amended petition does not seek any different relief than the original petition or husband's cross-petition. Where no new or independent claim is asserted in the amended petition, new service is not required. *Rickard v. Rickard,* 616 S.W.2d 95, 96 (Mo.App.1981). The trial court has jurisdiction over husband and the pleaded but undecided equitable issues by applying the relation-back doctrine.

Wife argues there is no evidence to support a finding by the trial court that both parties acknowledged the validity of the Texas decree. A divorce decree obtained in a foreign state carries a rebuttable presumption of validity in the rendering state as well as in every other jurisdiction. *In Re Marriage of DeLeon,* 804 S.W.2d 801, 803 (Mo. App.1991). The party attacking the validity of the foreign decree has the burden of proof. *Id.* at 804.

Wife claims she was not served with process for the Texas action; there was no personal service, only service by publication. Constructive notice is sufficient in severing the marital status. The Texas decree was valid only on the marriage issue. It did not resolve wife's equitable claims.

We express no opinion on the merits. We dismiss wife's appeal as premature after deciding the trial court has jurisdiction.

REINHARD, P.J., and RONNIE L. WHITE, Special Judge, concur.